## Fidelity and Columbia Trust Company, Trustee, et al. v. Thompson.

(Decided May 11, 1926.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Husband and Wife—Court has Jurisdiction to Award Alimony, Though Neither Husband nor Wife is Domiciled in State, and there was no Actual Service on Husband, where Husband's Property was Attached.—In suit for alimony, wherein husband's trust estate was attached, and trustee answered as garnishee, court had jurisdiction to make award, notwithstanding neither husband nor wife was domiciled in state, and only constructive, not actual, service was had on husband, since action is transitory and attachment conferred judisdiction.

2. Appeal and Error—Attorneys for Wife in Her Suit for Alimony Held not Necessary Parties to Appeal from Allowance of Their Fees for Services Rendered Wife.—Where, in suit for alimony, husband's trust estate was attached and trustee answered, and court made allowance to wife for counsel fees to be paid from trust estate, the allowance was reviewable, notwithstanding her attorneys were not parties to the appeal.

3. Husband and Wife—Allowance of $1,500.00 for Wife's Counsel Fees in Suit for Alimony, to be Paid from Attached Trust Estate, Held Excessive by $750.00 and Allowance Therefrom of $750.00 for Trustee's Attorneys Held Excessive by $250.00.—In suit for alimony, wherein $30,000.00 estate, held in trust for husband, was

attached, and trustee answered, and court ordered payment of alimony therefrom, allowance of $1,500.00 for wife's attorneys held excessive by $750.00, and $750.00 allowance therefrom for trustee's attorneys excessive by $250.00.

PETER, LEE TABB & KRIEGER, for appellant.

BRUCE, BULLITT, GORDON & LAURENT, and LEO T. WOL- FORD, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

On March 24, 1919, Ralph Thompson and Elizabeth Thompson were married in New Haven, Connecticut. They went to Los Angeles, California, to live. On March 6, 1923, he abandoned his wife, leaving her destitute with two small children. His abandonment of his wife was by reason of his infatuation for a Spanish woman, whom he met in Los Angeles and with whom he finally left there. The wife learning that her husband had an estate held in trust for him by the Fidelity and Columbia Trust Company in Louisville, Kentucky, brought this suit to recover maintenance and alimony. The husband was proceeded against by warning order and did not appear. The trust company answered as garnishee, showing that it had in its hands property approximately of the value of $30,- 000.00. Proof was taken and on final hearing a decree was entered directing that all of the property which had been attached should be held by the trust company as the trustee selected by the court, and it should pay the entire net income therefrom to the plaintiff as alimony for the support of herself and her two infant children until the further order of the court. It was further adjudged as follows:

"That the plaintiff, Elizabeth Thompson, receive the following amounts, which the Fidelity and Columbia Trust Company shall forthwith pay out of the accumulated income, or if necessary, principal of said funds in its hands, to-wit:

"To the clerk of the Jefferson circuit court for the costs of this action, $70.00 to Bruce, Bullitt, Gordon & Laurent as counsel fees for the plaintiff here and for disbursements, $1,500.00, $11.37; to the plaintiff, Elizabeth Thompson, for the immediate support of herself and her two children aforesaid, $1,000.00. That the Fidelity and Columbia

Trust Company shall reserve out of the corpus of the estate the sum of $750.00 for its expenses and fees for its attorneys, Peter, Lee, Tabb & Krieger, as attorneys for the trustee for services rendered in this court and on an appeal to be taken.

"That jurisdiction is hereby retained over this cause for the purpose of making, from time to time in the future, such other and further orders with respect to the allowance of alimony to the plaintiff out of the principal or income of the fund hereinbefore described as may be deemed proper and equitable."

From this judgment the trust company appeals.

It is earnestly insisted that a Kentucky court has no jurisdiction to make an award of alimony in a case where neither the husband nor the wife is domiciled in this state and where there is no actual service on the husband. There is some authority in favor of this position. In George v. George, 190 Ky. 706, this court held otherwise. See also London v. London, 211 Ky. 271. These opinions are in line with the great weight of authorities.

"Where it is impossible to secure personal jurisdiction of a defendant husband by service within the state, a court may acquire jurisdiction by substituted or constructive service, provided property of the husband situated within the state is seized and brought within control of the court by attachment or receivership." 1 R. C. L., p. 886.

Were the rule otherwise, the abandoned wife and children might often be left without remedy, for she could get no relief in California because there is no property there to subject, and if she had to obtain a divorce there before she could sue here the husband might in the meantime dispose of the property. The action for alimony is transitory and like any other transitory action may be brought against a nonresident in Kentucky when the defendant has property in the county in which the action is brought and this property is attached and brought within the jurisdiction of the court. The court, therefore, properly entertained jurisdiction of the action. 1 R. C. L., p 879, section 17.

It is also urged that the allowance to the plaintiff's attorneys of $1,500.00 is too large, but they are not named as appellees, and it is insisted that this objection cannot be considered under the rule laid down in Bartlett v.

Louisville Trust Co., 212 Ky. 13. In that case other parts of the record were held to give the judgment the effect of making the allowance to the attorneys, but no other parts of the record here throw any light on the judgment which the court holds to be an allowance to the plaintiff and that the attorneys are not necessary parties to the appeal.

On the question of fees, the court deems the allowances too large and fixes the allowance for the plaintiff's attorneys at $750.00, and for the trustee's attorneys at $500.00. In addition to this all actual reasonable expenses by either side should be allowed, and on the return of the case the court will hear proof as to the matter of expenses and make such orders as may be proper.

Judgment reversed and cause remanded for further proceedings as to the attorneys' fees; in other respects the judgment is affirmed; the cost of this appeal will be paid out of the trust fund. Whole court sitting.