## Coyle et al. v. Horseman's Executrix et al.

(Decided Dec. 14, 1937.)

(As Modified Dec. 17, 1937.)

W. B. WHITE, D. W. DOGGETT and HAROLD SWARTZ for appellants.

J. S. CAUDEL for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

Charles T. Horseman, a resident of Bath county, Ky., died testate in April, 1933, and thereafter his will was duly admitted to probate in that county and his widow, Annie Horseman, who was nominated as executrix in the will, was appointed and duly qualified as such.

In April, 1935, Mrs. Horseman, individually and as executrix, instituted this action against other devisees under the will setting up the foregoing facts, and alleging that at the time of his death the testator left certain debts due creditors as shown by schedule attached to and made a part of the petition amounting to $2,206.97; that there were no funds or personal property belonging to the estate with which to pay such indebtedness; and that the plaintiff individually, and in order to settle the debt soon after the death of testator, and in order to preserve the estate intact paid the debts in full except a part of the funeral expenses out of her personal estate, She set up in her petition different parcels of real estate owned by testator in Bath county, and asked that a small tract of land described in the petition be sold to pay the indebtedness of the testator, assigning the reasons in the petition why it would be best to sell that tract for the purposes indicated. And she prayed that it be sold and the proceeds applied to reimburse her for the sums paid by her on the indebtedness of testator and to pay the balance of the funeral expenses and for allowance of her attorney of record and for costs expended, etc.

By answer the adult defendants and guardian ad litem for the infant defendants denied the allegations of the petition respecting the amount of the indebtedness and the payment thereof by plaintiff out of her individual funds, and affirmatively alleged in substance that the personal estate of testator was sufficient to pay any and all indebtedness against the estate; that plaintiff, as executrix, had failed to file an inventory or to cause an appraisement to be made as required by law and had made no settlement although two years had elapsed since her qualification; that the real and personal estate held by plaintiff for life was sufficient to

support her and to produce an excess sufficient to pay all indebtedness against the estate without resorting to sale of any real estate; that executrix be required to file an inventory of the personal estate of executrix at the time of his death and to make settlement of her account with the court and that the cause be referred to the master commissioner for such purpose.

The master commissioner filed an extensive report, and thereafter both the adult defendants and the guardian ad litem for the infant defendants filed numerous exceptions to the report, but the conclusions we have reached will render it unnecessary to set forth at length these exceptions.

On final hearing the chancellor overruled a general and special demurrer to the petition, confirmed and approved the report of the master commissioner in its entirety, and adjudged that there was no personal property in the hands of the executrix to pay the claims set out in the report of the commissioner amounting to $1,295.31, and that a sufficiency of the 24-acre tract of land on Prickley Ash Creek on the Owensville-Sharpsburg pike be sold for such purpose. The defendants are appealing.

Question is made concerning the validity of an allowance of $100 to the attorney for appellee because no proof was heard concerning the value of the services rendered and also because, as asserted by counsel for appellants, the services rendered were for the benefit of appellee and not for the estate. While considerable argument is made concerning the nature of the action, it was intended to be and is in effect a suit for settlement of the estate of testator and the executrix was entitled to have a reasonable fee allowed for her attorney to be taxed as costs.

Complaint is also made of an allowance to the master commissioner for services rendered in hearing evidence and making report, but this cannot be considered because he has not been made a party to the appeal. Reed v. Reed, 66 S. W. 819, 23 Ky. Law Rep. 2186.

It is further argued by counsel for appellant that two infants who were made parties in interest as shown by the record were not made parties to the action and it was therefore the duty of the court to require them to be made parties or to dismiss the action without prejudice if that was not done. A bequest was made to Bes-

sie Coyle for the benefit of her son, Hayden Coyle, who it is made to appear was an infant. Clearly Hayden Coyle was a party in interest, and when this was made to appear it was the duty of the court to require that he be made a party or to dismiss the action without prejudice. Civil Code of Practice, section 28. The other infant mentioned in brief for appellant is referred to in the will as the "afflicted boy" of Morton Conyers, but under the terms of the will it is our conclusion that he was not a necessary party to the action.

Another ground argued for reversal is that the chancellor erred in confirming the report of the master commissioner in allowing claims not proven as required by law and which were excepted to for that reason. Many, if not all, of the claims requiring proof were not proven in conformity with the statute (Kentucky Statutes, sec. 3870 et seq.). The claims should not have been allowed until so proven. The evidence heard by the commissioner was not sufficient to cure the defects in affidavits made concerning various claims.

Finally, it is argued in effect that if the personal estate of testator including sums on deposit in Colorado Springs is not sufficient to pay the debts of testator, then all the real estate would be subject proportionately and ratably for any balance due. Testator devised to his wife all his property in Colorado Springs, Colo., "in fee simple and absolutely." The remainder of his property located in Kentucky and elsewhere he devised to her for life with remainder over to designated beneficiaries as thereafter provided in the will. It appears of record that testator and his wife had on deposit in a joint account in a bank in Colorado Springs something like $3,000, but that the bank had been closed because of insolvency and was in course of liquidation, and it is insisted that none of testator's land should be sold to pay debts until it was determined how much would be received on final liquidation and settlement of the bank's affairs. Under the terms of the will all estate of testator in Colorado Springs including the bank deposit was specifically devised to his wife. Without setting out at length the provisions of the will, it may be said that the inference appearing from its face is that it was not the intention of testator that any of his estate in Colorado be charged with the payment of his debts. It is therefore our conclusion that if any indebtedness remained unpaid after the exhaustion of

the personal estate in Kentucky, then so much of the real estate in Kentucky as is necessary may be sold to satisfy the balance of such indebtedness. Under the proof the chancellor was warranted in concluding that it was to the best interest of the estate that the tract of land referred to in the judgment be sold for that purpose. On a return of the case additional proof of claims and of the value of the services of the attorney may be allowed.

Wherefore the judgment is reversed, with directions to set it aside and for proceedings and judgment in conformity with this opinion.