**William C. TYLER, Jr., Appellant,**

**v.**

**Susanne S. BRYANT, Appellee.**

Court of Appeals of Kentucky.

Sept. 24, 1965.

Harry L. Hargadon, Hargadon, Hargadon, Lenihan & Harbolt, Louisville, for appellant.

Randolph A. Brown, Brown, Ardery, Todd & Dudley, Louisville, for appellee.

STEWART, Judge.

This appeal is from a judgment which awarded Susanne S. Bryant, plaintiff below, $3000 for attorney's fee against her ex-husband, William C. Tyler, Jr., for services rendered in the ex-wife's behalf by Randolph A. Brown. It was ordered that this amount be taxed as court costs and that execution issue forthwith thereon in her favor.

■ At the outset the position is taken that this matter is not properly before this Court because the record shows Randolph A. Brown, the attorney, is not a party to this appeal. We conclude this contention has merit.

This Court has uniformly held that any question concerning the fee of counsel, directed to be paid pursuant to KRS 453.120, cannot be reviewed by it unless the attorney to whom the specific allowance is granted is made a party to the appeal. See Mc-Dowell v. McDowell, Ky., 378 S.W.2d 814; Wright v. Thomas, 306 Ky. 763, 209 S.W. 2d 315; Flood v. Flood, 302 Ky. 167, 194 S.W.2d 166.

In the instant case no such fee was awarded to the attorney by name. As indicated, the fee was allowed to the wife and ordered to be included as a court-cost item. Cf. Maher v. Maher, 295 Ky. 263, 174 S.W.2d 289.

We conclude the attorney should be made a party in either instance. Although the fee for the services performed was not adjudged to be paid directly to him; nevertheless, the award was made for his benefit, with the result that he is the real party in interest as regards the allowance.

We therefore are adopting the rule in all future appeals to this Court wherein the fee is made to the wife instead of to the attorney, the latter will be deemed a necessary party.

■ Assuming, arguendo, the attorney-fee question was properly before this Court, we still cannot say it is an excessive allowance. No evidence was introduced to refute the four affidavits filed in support of appellee's motion that her attorney had earned and should be paid a fee of $3952. On the basis of this proof the judgment granted a fee of $3000. There is no counter statement before us to indicate in any wise what sum would be a reasonable award. The only argument advanced is the assertion that "the $3000 fee allowance is excessive and should therefore be reduced."

Wherefore, the judgment is affirmed.