**CITIZENS FIDELITY BANK AND TRUST COMPANY, Appellant,**

v.

**FENTON RIGGING COMPANY and International Harvester Company, Appellees.**

Court of Appeals of Kentucky.

May 9, 1975.

Thomas W. Bullitt, Robert L. Baird, Tarrant, Combs, Blackwell & Bullitt, Louisville, for appellant.

Freeman B. Blackwell, Louisville, Squire R. Ogden, Ogden, Robertson & Marshall, Louisville, for appellees.

CATINNA, Commissioner.

The Jefferson Circuit Court, Chancery Branch, First Division, adjudged that a mechanic's lien filed by Fenton Rigging Company was a superior lien to one asserted by Citizens Fidelity Bank and Trust Company under a security agreement executed to it by Hughes Erecting and Rigging Company, Inc. The bank appeals.

Hughes Company contracted with International Harvester Company to perform certain work on its property located in Louisville, consisting primarily of the removal of heavy equipment and the relocating and installing of steel floors. The contract price was $18,737.50. Hughes Company contracted a major portion of the projected work to Fenton, thereby becoming indebted to it in the sum of $10,399.50.

In April 1970 Hughes Company established a line of credit with Citizens and executed a financing statement covering its accounts receivable, primarily those to become due from Harvester pursuant to the terms of the contract between Hughes Company and Harvester. On May 27, 1970, a security agreement was executed to Citizens by which it acquired a security interest in the accounts receivable. After execution of the financing statement and security agreement, Citizens advanced Hughes Company certain sums of money including the sum of $7,000 represented by a note which was not paid.

Fenton completed its work for Hughes on May 18, 1970, and on July 28, 1970, filed a mechanic's lien pursuant to KRS 376.010 on Harvester's property on Crittenden Drive in Louisville to secure the amount due it as a subcontractor for Hughes Company, Fenton filed this action against Hughes and Harvester, demanding judgment against Harvester for $10,399.50, and directing Harvester to pay Fenton from the proceeds of monies becoming due to Hughes Company under the contract, or for a judgment enforcing its mechanic's lien against the Harvester property. Citizens intervened, asserting a prior lien on any sums which might be due Hughes as a result of its contract with Harvester to secure the payment of the $7,000 note. Harvester admitted that it was indebted under the Hughes Company contract in the sum of $10,399.50 (later determined to be $11,720).

The trial court found that Fenton had a mechanic's lien on the property of Harvester to secure it in the payment of sums due from Hughes Company, which lien was prior to the lien asserted by Citizens under its security agreement upon any accounts due from Harvester pursuant to the terms of its contract with Hughes. The court also adjudged that there be paid to Harvester's attorneys, Ogden, Robertson, and Marshall, fees in the amount of $200 for services rendered in the proceeding.

Upon this appeal, Citizens claims that the lien acquired by it upon the accounts receivable of Hughes by reason of the recorded financing statement and security agreement was prior to that asserted by Fenton.

KRS 355.9–101 through 355.9–507, Secured Transactions, detail the procedure parties must follow in order to obtain a lien upon accounts receivable. The problem area we here encounter concerns a determination of what constitutes the accounts receivable upon which Citizens had a lien by reason of its security agreement. KRS 355.9–106 defines "account" as meaning any right to payment for goods sold or leased or services rendered which is not evidenced by any instrument or chattel paper. "Contract right" is defined as meaning any right to payment under a contract not yet earned by performance and not evidenced by any instrument or chattel paper. The line of credit established by Hughes Company with Citizens was therefore secured by its "contract right" arising out of the Harvester agreement. The security agreement executed to Citizens granted a lien on all sums accruing and payable to Hughes Company in the future; however, it was essential that such future accruals be payable to Hughes Company and not to someone else.

■ When Hughes Company failed to pay Fenton as required by their agreement and Fenton filed its mechanic's lien upon Harvester's property to secure it in the payment of that amount, Harvester became directly obligated to pay Fenton sums claimed by it for the purpose of discharging the debt of Hughes and obtaining a release of the lien asserted by Fenton on its real property and equipment. Fenton's services were performed as a part of the Hughes' contract with Harvester, and, consequently, when Harvester became obligated to pay Fenton sums which otherwise would have been due Hughes Company under the contract, they ceased to be a part of Hughes' "contract right" and therefore did not become accounts receivable covered

by the security agreement executed by Hughes to Citizens.

■ As a consequence of Harvester's becoming primarily liable to Fenton for services performed, the amounts due did not become subject to the lien of Citizens. Harvester was, therefore, obligated to Fenton first for the amount due it and, second, to Hughes Company for the balance that might be due under the contract, and upon that balance Citizens had a lien to secure it in the payment of the note executed by Hughes Company to the bank.

We have held in the past that the statutory lien of KRS 376.010 is restricted to land, buildings, and improvements, and will not encumber personal property or funds belonging to the party against whom the lien is asserted. There are other jurisdictions which have construed the Commercial Code and particularly Section 9–310 (KRS 355.9–310) so that a validly filed mechanic's lien becomes prior to any lien created by the Code regardless of the fact that it is confined to personal property and accounts receivable or contract rights. Cf. National Bank of Detroit v. Eames and Brown, 50 Mich.App. 447, 213 N.W.2d 573 (1973); Corbin Deposit Bank v. King, Ky., 384 S.W.2d 302 (1964).

■ Citizens also asserts that it was error to allow an attorney's fee to the lawyers representing Harvester. However, the attorneys were not made parties to this appeal; therefore, the court cannot consider this claimed error.

The judgment is affirmed.

All concur.