Vance Devon YOUNG, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

May 22, 1979.

As Modified On Denial of Rehearing
Aug. 21, 1979.

Jack Emory Farley, Public Advocate, J. Vincent Aprile II, Asst. Deputy Public Advocate, William M. Radigan, Asst. Public Advocate, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., David R. Marshall, Asst. Atty. Gen., Frankfort, for appellee.

PER CURIAM.

Appellant entered a plea of guilty to two counts of murder, having strangled two women in the course of rape. On the recommendation of the Commonwealth's Attorney, the trial court imposed consecutive life sentences of imprisonment. Appellant rightly argues the sentence of consecutive life terms is not authorized by the Penal Code. KRS 532.110(1)(c); *Shannon v. Commonwealth*, Ky., 562 S.W.2d 301 (1978). The judgment is corrected to provide that the sentences run concurrently.

Next, appellant contends the trial court abused its discretion in refusing to order psychiatric observation and examination prior to sentencing. KRS 532.050(3). Under the facts as presented to the trial court, we cannot say this was an abuse of discretion.

Finally, appellant complains the trial court erred in refusing to order the county to pay $206 expense money to Dr. Bresler, a Carbondale, Illinois, clinical psychologist, for services to the defense in anticipation of trial.

It appears from the record that Dr. Bresler examined the appellant in February of 1978, while he was in the Bullitt County jail awaiting trial. On June 30, 1978, after the appellant had been sentenced pursuant to his pleas of guilty, and after he had taken an appeal to this court, Honorable J. Vincent Aprile II and Honorable William M. Radigan, Assistant Public Defenders who in March of 1978 had entered the case as co-counsel of Honorable Gene R. Osselmeier,

# 379

his counsel of record, filed a motion in appellant's behalf that the Bullitt County Fiscal Court be directed to pay Dr. Bresler's bill for professional services and for transportation. Although these two attorneys had not formally appeared as counsel for the appellant when Dr. Bresler's services were performed, this motion recited, among other things such as the appellant's indigency, that "this particular defense expert was chosen by the undersigned counsel because of his long experience in the field of forensic psychology" and because "the undersigned counsel, after extensive interviews with the defendant, felt that the defendant was suffering from a mental disease or defect." The motion was denied on July 13, 1978, by an order which recited that the appellant was being represented by Mr. Osselmeier. A separate appeal was taken by the appellant from that order.

The authority advanced by counsel for an order requiring payment by the fiscal court is KRS 31.185. KRS 31.170 provides alternative means by which a county may elect to establish and maintain an office for public advocacy to represent needy persons. KRS 31.185 provides that any defending attorney operating under Chapter 31 may utilize the same state facilities for the evaluation of evidence as are available to counsel for the state. It further provides as follows: "If he considers their use impractical, the court concerned may authorize the use of private facilities to be paid for on court order by the county."

KRS 31.190 directs the fiscal court of each county to appropriate sufficient funds "to administer the program of representation *that it has elected* under KRS 31.160." (Emphasis added.)

Now, this record contains nothing to inform the court what program the Bullitt County Fiscal Court has chosen for the representation of indigent defendants or, indeed, whether it has adopted any program whatever. Nor does it tell us whether Mr. Osselmeier was acting pursuant to such a program or as paid counsel. The papers signed by him do not designate him as a public advocate or defender. There is no reference to a public defender until March 13, 1978, when Mr. Aprile and Mr. Radigan filed a "Notice of Appearance" stating that they would "appear as co-counsel for the defendant . . . at his trial." Most importantly, there is no indication that the trial court ever authorized the use of "private facilities." Cf. KRS 31.185. We read that statute as requiring such authorization in advance of procuring the desired services.

It is clear from the motion filed by the public defenders on June 30, 1978, that it was they who had obtained the services of Dr. Bresler in February of 1978. As there was no order authorizing the employment, the responsibility for payment rests with the office of the public advocate for the state.

We readily concede that indigent defendants are entitled to reasonably necessary expert assistance. In this instance the appellant actually received that assistance, so he had not been aggrieved and is not in a position to complain. The aggrieved party is Dr. Bresler, and although we regret that the carelessness of the lawyers may require him to collect from the office that ordered his services rather than from the fiscal court, there is no tenable ground on which we can hold the order of the trial court in error.

The judgment is affirmed.

All concur.