**BOYLE COUNTY FISCAL COURT, Appellant,**

v.

**Honorable Stephen SHEWMAKER, Judge, Boyle Circuit Court, Appellee.**

Court of Appeals of Kentucky.

March 23, 1984.

George M. McClure, III, Boyle County Atty., Danville, for appellant.

David L. Armstrong, Atty. Gen., Carl Miller, Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, C.J., and REYNOLDS and DUNN, JJ.

DUNN, Judge.

This appeal, a procedural maze, both in the trial court and in this court, resulting from the indictment of Pete Hancock by the Boyle County grand jury for the crime of assault in the first degree and for the

crime of carrying a concealed and deadly weapon, at first blush is seemingly impossible to solve.

In a trial as a result of that indictment in the Boyle Circuit Court in a criminal case styled "Criminal Indictment No. 82–CR–027, Commonwealth vs. Pete Hancock," the defendant, Hancock, was successfully defended by appointed counsel, James B. Sparrow, an attorney participating in the public defender program for Boyle County pursuant to KRS Chapter 31. On June 8, 1982, the trial judge, since deceased, the named appellee having been substituted in his stead as appellee herein, upon Sparrow's motion, set Sparrow's fee for representing Hancock at $325.00 and ordered the Boyle County Fiscal Court to pay it within 7 days. The trial court recited KRS 31.190 as authority. At that time the funds allocated by the state to the Boyle County public defender fund had been depleted. After the expiration of the seven days, on Sparrow's affidavit to the effect that payment had not been made, the trial court on June 16, 1982, issued its order holding the fiscal court in contempt and directing it to pay $100.00 per day fine until it purged itself, citing KRS 31.190 and KRS 31.240(3).

Thereupon, the fiscal court unsuccessfully petitioned this Court for a Writ of Prohibition against the trial judge from enforcing the orders of June 8, 1982, and June 16, 1982. A one judge panel of this court, treating the petition as one for ex parte relief, denied the petition on June 18, 1982, on the basis that the fiscal court had advanced no reason why the relief sought could not be achieved by filing notice of appeal from the two orders and, pending appeal, stay the orders pursuant to CR 62.03(2) and CR 81A.

Notice of the instant appeal from the orders was filed on June 21, 1982, by the Boyle County Fiscal Court in the aforementioned Boyle Circuit Court criminal case styled "Indictment No. 82–CR–027, Commonwealth of Kentucky vs. Pete Hancock." The fiscal court recited its status on appeal as being the appellant, "a non party to the above styled criminal action." It named the trial judge as the sole appellee. We affirm in part and reverse and remand in part.

■ The jugular vein issue on this appeal is appellant fiscal court's contention that the trial court was without jurisdiction to issue and enter the orders in question. Before we address that issue, however, we are inclined to answer several points raised by Sparrow in a specious motion and brief to dismiss this appeal, in both of which he mistakenly styles himself as an appellee. He was not designated as an appellee in the notice of appeal and he is not an appellee. Appellant's first reference to him as such in its statement of appeal filed August 11, 1982, did not cure its failure to designate him as an appellee in its notice of appeal. In view of our holdings to follow, it is immaterial that Sparrow has no standing in this appeal either to file the motion to dismiss or an appellee brief.

■ We are satisfied that this appeal was timely filed with respect to both the order of June 8, 1982, ordering the appellant to pay the fee and the order of June 16, 1982, holding it in contempt and assessing a fine. Regarding the latter, even if we were of the opinion the 10 day requirement to bring an appeal of RCr 12.04(2) were applicable, the notice of appeal was timely filed well within time on June 21, 1982, only five days after the order's entry. We do not rely on RCr 12.04(2), however. Contempt, though it partakes of the nature of a crime, is only quasi criminal and the civil 30 days requirement of CR 73.02(1)(a) rather than the 10 days criminal appeal time of RCr 12.04(2) applies. *Young v. Knight*, Ky., 329 S.W.2d 195 (1959). It likewise follows, therefore, that since the notice of appeal on the first order was filed also on June 21, 1982, 13 days after its entry, it also was timely filed.

■ As one of its grounds attacking the trial court's jurisdiction, the appellant fiscal court argues that the trial court's procedural defect in failing to require service of the motion that it pay Sparrow's fee

voided the resulting June 8, 1982, order. We agree. The notice served on the county attorney, its counsel, was not notice on the appellant fiscal court since it was not a party to the basic criminal action and ordinarily such a procedural defect would void the resulting order. In this case, however, the appellant is guilty of a procedural defect on appeal of its own making and, therefore, has lost the benefit of the trial court's procedural defect that otherwise would have inured to it. It failed to join and designate as an appellee in the notice of appeal Sparrow, the beneficiary of the fee about which the appealed from order was concerned. An order concerning an award of attorney fees is not reviewable if the attorney is not made a party by designation in the notice of appeal. *See Wilhelm v. Wilhelm*, Ky., 504 S.W.2d 699 (1973); *Beaver v. Beaver*, Ky.App., 551 S.W.2d 23 (1977)—attorney's fee awarded in Divorce actions; *Coyle v. Horseman's Executrix*, 271 Ky. 100, 111 S.W.2d 590 (1937)—commissioner's fee in suit to settle an estate; *Bartlett v. Louisville Trust Co.*, 212 Ky. 13, 277 S.W. 250 (1925)—attorney's fee in administration of estate. On the narrow basis of this procedural defect on appeal, we are obliged to ignore the trial court's procedural defect of failing to notice the appellant fiscal court.

This brings us to the basic issue on the merits of whether the appellant fiscal court had the responsibility to provide funds to pay the fee in question. This is the keystone to the trial court's basic jurisdiction to issue either or both orders.

■ Without question the fiscal court had the responsibility to provide funds to pay the fee. KRS 31.160 and KRS 31.170 provide alternate means by which a county may elect to establish and maintain an office for public advocacy to represent needy persons. KRS 31.190 directs the fiscal court of each county to appropriate sufficient funds "to administer the program of representation it has elected under KRS 31.160." KRS 31.050 provides that counties shall be obligated to pay all costs incurred in their program which are in excess of the maximum amount allotted to the program from state funds granted under KRS Chapter 31.

■ The appellant fiscal court adopted a local public advocacy system plan, which provided:

Adequate funding for the local public advocacy system shall be provided by utilizing monies in the sum of $22,500.00 per year to be supplied by the state, supplemented by any funds reimbursed to the local system from monies paid to the Public Advocacy System as partial payment by indigent defendants pursuant to orders of the Court.

Obviously this provision falls short of the "adequate funding" contemplated by the legislature in KRS 31.190 when it directed that counties appropriate sufficient funds to administer the program elected. Limiting funding to the state funds supplied and the reimbursement funds is not "appropriating" funds. We hold the appellant fiscal court was obliged to appropriate and thus provide sufficient funds in addition to those supplied by the state and those generated by reimbursement to sustain the public advocacy system it elected, once state and other funds provided had been depleted. This obligation included providing funds to pay Sparrow's $325.00 fee in question.

We have carefully considered appellant fiscal court's reasoning and supporting authorities that this obligation procedurally had to be enforced by a separate action brought by the office of public advocacy for the fee or adequate funding, or by a petition for a writ of mandamus brought by that office, and not by motion by the affected attorney and order in the criminal case in the prosecution of which the fee in question was incurred. We also have given careful consideration to the fact that neither the fiscal court nor Sparrow, the fee's beneficiary, are parties to the case in which the order to pay it was entered. We find these reasons wanting.

■ In *Young v. Commonwealth*, Ky., 585 S.W.2d 378 (1979), our Supreme Court in an action in which the expense had been

incurred upheld the trial court's denial of a motion to require a fiscal court, which was not a party to the action, to pay pursuant to KRS 31.185 defense expenses for private psychological examinations because the services were not authorized or ordered by the trial court. It follows conversely, and we so hold, that if the services were authorized and ordered by the trial court, as here, the trial court could in the action in which the expense was incurred, order payment even though the fiscal court and the movant were not parties. Like all other orders it could be enforced by proper proceedings for contempt.

▮ In doing so, however, it must proceed properly. In this instance the trial court without question did not do so. The last order it entered on June 21, 1982, finding the appellant fiscal court in contempt for failing to pay the $325.00 fee in question within the seven days provided in its order of June 8, 1982, and requiring the fiscal court to pay a fine of $100.00 per day until it purged itself of its contumacious conduct is void.

The proposition that a fine for contempt not committed in the court's presence will not be sustained unless the record shows a show cause order or, if you please, a rule had been served upon the person charged, is so well founded and indigenous to our Kentucky law there is a dearth of modern authority to support it. *See Miller v. Price*, 260 Ky. 488, 86 S.W.2d 152 (1935), wherein our then Court of Appeals stated:

... It is true that as early as 1802, this court stated the rule that a fine for a contempt will not be sustained by this court unless the record shows that the contempt was committed in the presence of the court or that the defendant was present in court when the fine was imposed or that a notice, a summons, or an attachment, or a rule to answer the charge had been served upon him. *Henry Clay v. Quarter Sessions Court of Fayette County*, 2 Ky. (Sneed Ky.Dec.) 189.

The manner of conducting such proceeding was established by the rule of the common law, and has been followed by the courts of this country, which recognized a procedure based on notice, summons, attachments, or a rule against the party, to appear and answer in court....

Here, the record does not show that the fiscal court's contempt, if any, of the June 8, 1982, order to pay the fee within seven days was committed in the trial court's presence, nor does it show that a show cause order antecedent to the order of contempt was served on it as a group or on its members as individuals. The trial court in entering its order holding it in contempt and imposing a daily fine against it, committed reversible error and its order of June 16, 1982, should be stricken.

In summary, the trial court is affirmed with reference to its order of June 8, 1982, and the trial court is reversed with respect to the extent this appeal applies to the trial court's order of June 18, 1982, and that order is stricken and this case is remanded. On remand the trial court, upon proper motion supported by affidavit justifying issuance of the same, shall issue on the appellant fiscal court and its members individually an order setting a date for a hearing for them to show cause why they should not be held in contempt for failure to obey its order of June 8, 1982, and it shall thereafter conduct appropriate proceedings thereon.

ALL CONCUR.