FRANKLIN COUNTY FISCAL COURT; Carmello Benassi, Jean Demerson, Robert R. Hicks, Kenneth Hockensmith, J.W. Luttrell and Harold Robinson, in their official capacities as Franklin County Magistrates; Franklin County, Kentucky; and Robert T. Harrod, in his official capacity as Franklin County Judge/Executive, Appellants,

v.

Calvin STEWART, Appellee.

No. 86–CA–2131–MR.

Court of Appeals of Kentucky.

March 4, 1988.

As Modified May 27, 1988.

Discretionary Review Denied by Supreme Court Sept. 28, 1988.

J. Calvin Aker, Reece, Lang & Aker, London, James E. Boyd, Franklin Co. Atty., Frankfort, for appellants.

Neil E. Duncliffe, Georgetown, Max M. Smith, Frankfort, for appellee.

Before HOWERTON, C.J., and McDONALD and WILHOIT, JJ.

McDONALD, Judge:

The appellee, Calvin Stewart, previously the jailer of the Franklin County jail, was indicted and tried for manslaughter in the second degree and six other offenses for his actions arising out of his conduct as jailer which allegedly resulted in the death of an inmate. Mr. Stewart's first trial ended in a hung jury. He was eventually acquitted on all charges. Mr. Stewart incurred legal fees and costs of $54,843.04 in defending himself on these charges. He asked the appellant, Franklin County Fiscal Court, both before and after his acquittal, to accept responsibility for his fees; however, the fiscal court declined. Mr. Stewart believed himself to be entitled to have his fees paid by the county because of a regulation which became effective on March 2, 1983, concerning legal assistance to jailers. This regulation, 501 KAR 3:020, Section 2(1), (2), provides as follows:

(1) The jailer shall be represented and advised by the county attorney as provided in KRS 69.210.

(2) The county attorney shall advise the fiscal court in writing when legal representation or legal advisement to the jailer by that office is inappropriate or creates a conflict of interest. The fiscal court shall provide funds for adequate legal representation for the jailer when the jailer has acted within his official capacity and is involved in civil or criminal litigation as a result. The fiscal court shall be encouraged to carry liability insurance for the jail staff and other county officials.

The regulation was promulgated by the Corrections Cabinet pursuant to KRS 441.-055, enacted by the General Assembly in 1982, which provides in part as follows:

441.055. Regulation of jails—Adoption and revision of standards.

(1) The cabinet shall:

(a) By January 1, 1983, adopt the recommendations of the jail standards commission created pursuant to executive order number 81–1026 and promulgate regulations pursuant to KRS Chapter 13 establishing minimum standards for jails. Such standards shall include, but not be limited to, rules governing the following areas:

1. Health and safety conditions;

2. Fire safety;

3. Jail operations, recordkeeping and administration;

4. Curriculum of basic and continuing annual training for jailers and jail personnel;

5. Custody, care and treatment of prisoners;

6. Medical care; and

7. Jail equipment, renovation and construction.

Mr. Stewart commenced this action in the Franklin Circuit Court to recover his legal fees. The circuit court remarked that it was "troubled by any mandate which requires the taxpayers to bear the legal costs of defending any public official for criminal misconduct." Nevertheless, finding no constitutional or any other problem with the regulation, the court concluded the fiscal court was liable to the jailer for his legal fees. There being no factual dispute about the amount or reasonableness of the fee, the court adjudged the fiscal court liable for the total sum requested. The Franklin County Fiscal Court has appealed therefrom.

Mr. Stewart has moved this Court to dismiss the appeal for failure of the appellant to name his attorneys as parties to the appeal.[1] He relies on the case of *Boyle County Fiscal Court v. Shewmaker*, Ky. App., 666 S.W.2d 759, 762 (1984), which specifically states: "An order concerning an award of attorney fees is not reviewable if the attorney is not made a party by designation in the notice of appeal." The *Shewmaker* case involved a challenge by the Boyle County Fiscal Court for an award of attorney's fees it was ordered to pay to a public defender. In addition to the authority relied upon by this Court in

---

**1.** The Court notes that the Honorable J. Calvin Aker was not attorney of record when the notice of appeal was filed and the appellees designated.

*Shewmaker,*[2] there are other cases which hold that failure to name the attorney forecloses the possibility of review of any award of such fees. *See State Farm Mutual Automobile Insurance Company v. Patton,* Ky.App., 631 S.W.2d 850 (1982), and *Citizens Fidelity Bank and Trust Company v. Fenton Rigging Co.,* Ky., 522 S.W.2d 862 (1975).

The Franklin County Fiscal Court responds that the appeal does not involve a question of reasonableness of Mr. Stewart's attorney's fees but whether the regulation mandating such fees is constitutional and/or whether it is within the scope of the enabling legislation. It argues that the appellee's attorneys are not necessary for a resolution of these issues. We believe, however, that Mr. Stewart's attorneys are clearly the beneficiaries of the judgment appealed from and therefore are necessary parties as a matter of law. The holding of our former Court of Appeals in *Tyler v. Bryant,* Ky., 394 S.W.2d 454, 455 (1965), appears to us to be dispositive of this issue:

> We conclude the attorney should be made a party in either instance. Although the fee for the services performed was not adjudged to be paid directly to him; nevertheless, *the award was made for his benefit, with the result that he is the real party in interest* as regards the allowance. [Emphasis added.]

Although *Tyler v. Bryant, supra* was a domestic relations case, we can discern no reason for treating the review of attorney's fees under other statutory schemes any differently.

It is therefore ORDERED that the appellee's motion be and it hereby is GRANTED and the appeal is DISMISSED.

HOWERTON, C.J., concurs.

WILHOIT, J., concurs in result and files a separate opinion.

WILHOIT, Judge, concurring.

I reluctantly concur in the majority opinion. Unfortunately, because of a procedural rule we are unable to answer a question of considerable importance to the jailers of this state, the county governments, and the taxpayers. Nevertheless, I believe the majority is correct that the rationale behind the rule laid down in *Tyler v. Bryant,* Ky., 394 S.W.2d 454 (1965), is equally applicable here. The long-standing rule before *Tyler* had been that an attorney to whom a fee award had been made directly was a necessary party to any appeal contesting that award. *See Bartlett v. Louisville Trust Co.,* 212 Ky. 13, 277 S.W. 250 (1925). The award directly to the attorney was considered to have made him a party to the litigation. *See Hutchinson v. Hutchinson,* 293 Ky. 270, 168 S.W.2d 738 (1943). On the other hand, if the award of attorney fees was made to the party rather than his attorney, the attorney was not a necessary party to an appeal contesting the award. *See Fidelity & Columbia Trust Co. v. Thompson,* 214 Ky. 389, 283 S.W. 397 (1926). *Tyler* seems to have erased the distinction.

---

2. *Wilhelm v. Wilhelm,* Ky., 504 S.W.2d 699 (1973); *Beaver v. Beaver,* Ky.App., 551 S.W.2d 23 (1977); *Coyle v. Horseman's Executrix,* 271 Ky. 100, 111 S.W.2d 590 (1937); *Bartlett v. Louisville Trust Co.,* 212 Ky. 13, 277 S.W. 250 (1925).