TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0249-TG

DEPARTMENT OF CORRECTIONS; AND COMMONWEALTH OF KENTUCKY

MOVANTS

ON RAP 20(B) REVIEW
V.  COURT OF APPEALS NO. 2024-CA-0594
FRANKLIN CIRCUIT COURT NO. 06-CI-00574

RALPH BAZE; BENNY HODGE; BRIAN KEITH MOORE; DAVID MATTHEWS; DAVID SANDERS; DONALD JOHNSON; JOHNATHON GOFORTH; KARU GENE WHITE; MITCHELL WILLOUGHBY; ROBERT FOLEY; ROGER WHEELER; RONNIE BOWLING; VICTOR TAYLOR; VIRGINIA CAUDILL; AND WILLIAM EUGENE THOMPSON

RESPONDENTS

**OPINION AND ORDER BY JUSTICE THOMPSON**

**<u>DISMISSING AS INTERLOCUTORY</u>**

The respondents herein are all inmates who have received death sentences and who are parties to a declaratory judgment action which seeks a ruling from the Franklin Circuit Court finding the Kentucky Department of Corrections' (DOC) execution regulations are invalid.

In 2010, the Franklin Circuit Court entered a temporary injunction in this action on behalf of inmate Gregory Wilson precluding his execution under Kentucky's then-current lethal-injection protocols. Immediately following the

entry of that injunction, the Commonwealth sought to dissolve the injunction which we declined, finding no clear abuse of discretion. *See Commonwealth ex rel. Conway v. Shepherd*, 336 S.W.3d 98 (Ky 2011). We noted in that opinion that the circuit court's order worked to "essentially forbid the Commonwealth from performing any more executions until the Franklin Circuit Court enters a final judgment in the declaratory judgment action." *Id.* at 104.

On March 5, 2024, the DOC promulgated another revision to its lethal-injection regulations. Thereafter, on March 7, 2024, the Commonwealth moved to lift the temporary injunction on the basis that the DOC's revised regulations resolve the circuit court's last Constitutional issue with the regulations.

In an order entered on May 1, 2024, the circuit court addressed this and other pending motions. This order purported to "reserve ruling" on the Commonwealth's motion to dissolve the 2010 temporary injunction but acknowledged that the version of the protocols underlying the original injunction was "no longer in effect" and left as an open question whether the original injunction had "any continuing applicability." The circuit court pointed out that given changes to applicable regulations, the commutation of the original death sentence that formed the basis for the injunction, and the fact that "[t]here is no currently active death warrant at issue in this case," made "it is unclear if the motion to dissolve the temporary injunction presents a present case or controversy." The circuit court noted that it had not yet been adjudicated whether the amended regulations satisfy Constitutional

2

requirements, and it was declining to render an advisory opinion where no plaintiff currently has a signed death warrant in place.

The Commonwealth then filed an action requesting interlocutory relief from the Court of Appeals pursuant to Rules of Appellate Procedure (RAP) 20(B).[1] RAP 20(B) empowers the Court of Appeals to grant an adversely affected party relief from a circuit court's interlocutory order which "has granted, denied, modified, or dissolved a temporary injunction[.]" The Commonwealth argued the circuit court's action fit within these grounds for relief because, while the circuit court purported to reserve ruling on the Commonwealth's motion to lift the injunction "in effect . . . [the circuit court] instituted *a new injunction* against the most recent version of the protocols or *modified its earlier injunction.*" (Emphasis added). However, this argument was not supported by the text of the circuit court's order, in which it reserved making *any* ruling.

The Court of Appeals, in turn, recommended transfer of the matter to this Court under RAP 17. The Commonwealth and the respondents filed responses to the Court of Appeals recommendation, and both urged this Court's acceptance of the matter. We deemed the matter appropriate for transfer and granted transfer via separate order.

We now consider whether we may properly consider the Commonwealth's RAP 20(B) motion for interlocutory relief. The respondents stated in a footnote to their response to the Court of Appeals' transfer recommendation that they

---

[1] Equivalent rule to the former Kentucky Rules of Civil Procedure (CR) 65.07.

do not agree that the circuit court's ruling is subject to review under RAP 20(B) or that the Commonwealth may gain the relief it seeks through such a mechanism.

The Kentucky Supreme Court and Court of Appeals have appellate jurisdiction to review final judgments and orders. *See* Ky. Const. 110(2)(a); Ky. Const. 111(2); KRS 21A.050(1) ("[a] judgment, order or decree of a lower court may be reversed, modified or set aside by the Supreme Court for errors appearing in the record"); KRS 22A.020(1) ("an appeal may be taken as a matter of right to the Court of Appeals from any conviction, final judgment, order, or decree in any case in Circuit Court").

In contrast, "[t]here is no appellate jurisdiction over the typical interlocutory order. And it is for that reason that attempted interlocutory appeals are dismissed." *Cassetty v. Commonwealth*, 495 S.W.3d 129, 132 (Ky. 2016). *See Knott v. Crown Colony Farm, Inc.*, 865 S.W.2d 326, 329 (Ky. 1993) (explaining "[a]n interim or interlocutory order at the trial court level . . . cannot be appealed before the final decision of the trial court disposing of all issues"); *Hadix v. Johnson*, 228 F.3d 662, 669 (6th Cir. 2000) (holding decision to defer a ruling pending a further hearing is not itself appealable as an order continuing or refusing to dissolve an injunction).

Therefore, in the absence of a specific rule permitting interlocutory review, appellate courts lack jurisdiction to review interlocutory orders. *See* KRS 21A.050(2) (providing Supreme Court to establish rules for the method by which review of a judgment, order or decree of a lower court can be made to the

4

Supreme Court); CR 54.01 ("[a] final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02"); CR 54.02(1) ("[w]hen more than one claim for relief is presented in an action . . . the court may grant a final judgment upon one or more but less than all of the claims or parties only upon a determination that there is no just reason for delay").

The Commonwealth seeks an expansive interpretation of RAP 20(B), which permits relief from certain interlocutory orders involving temporary injunctions, to authorize appellate review of the circuit court's decision to "reserve ruling" on whether the temporary injunction should be dissolved.

RAP 20(B) states in relevant part: "When a circuit court by interlocutory order has *granted, denied, modified, or dissolved a temporary injunction*, a party adversely affected may, no later than 20 days from the entry thereof, move the Court of Appeals for relief from such order." (Emphasis added).

While it appears the circuit court acknowledged that the basis of 2010 temporary injunction may not remain warranted, or proper, it chose to reserve a ruling on the Commonwealth's motion to dissolve injunction. While the Commonwealth attempts to recast this decision as constituting a "new" injunction or a "modification" of an existing injunction, this interlocutory order maintains the status quo. Therefore, RAP 20(B) is simply inapplicable and does not provide a basis for the Commonwealth to be granted review of what is otherwise an unappealable interlocutory order of the circuit court.

The Commonwealth could have, but did not, apparently take any subsequent action regarding the circuit court's non-ruling, such as requesting another hearing on the matter or requesting a definitive ruling resolving whether the injunction should continue or be dissolved in which the circuit court would set forth specific findings of fact and conclusions of law. *See generally* CR 52.01. The Commonwealth also failed to file a petition for a writ of mandamus pursuant to Supreme Court Rules (SCR) 1.030(3) to seek to compel the circuit court to make such a ruling. We express no opinion as to whether, if it had, the Commonwealth would be able to establish that it has no other adequate remedy and that it will suffer great and irreparable injury if the writ is not granted. *See Mischler v. Thompson*, 436 S.W.3d 498, 502-03 (Ky. 2014); *Foster v. Overstreet*, 905 S.W.2d 504, 505 (Ky. 1995).

**IT IS HEREBY ORDERED** that this Court dismisses this action without prejudice as RAP 20(B) does not provide for interlocutory relief from an order maintaining an injunction.

All sitting. All concur.

ENTERED: OCTOBER 24, 2024.

_____
CHIEF JUSTICE