**LOUISVILLE AND JEFFERSON COUNTY METROPOLITAN SEWER DISTRICT, and Thelma Stovall, Commissioner of Labor (Special Fund), Appellants,**

v.

**Michael J. KALBHIN, Jr. and Workers' Compensation Board and Norman L. Wagner, Appellees.**

Court of Appeals of Kentucky.

Dec. 28, 1984.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court April 24, 1985.

C.A. Dudley Shanks, Segal & Shanks, Mary Ann Kiwala, Labor Cabinet, Louisville, for appellants.

Norman L. Wagner, Louisville, for appellees.

Before HAYES, C.J., and DUNN and HOWARD, JJ.

HOWARD, Judge.

The Louisville and Jefferson County Metropolitan Sewer District and the Special Fund appeal an order of the Jefferson Circuit Court which affirmed the opinion and award of the Workers' Compensation Board directing them to pay $6,500.00 in attorney's fees in a case involving the appellee, Michael J. Kalbhin, Jr., who suffered a work-related injury while employed by the appellant, Metropolitan Sewer District. Subsequent to his injury, Mr. Kalbhin filed a workers' compensation claim and was subsequently found to be suffering a permanent occupational disability of 15%. The employer and the Special Fund were ordered to pay $16.20 per week each for a total of $32.40 for the duration of Mr. Kalbhin's disability. Mr. Kalbhin had also filed a third-party claim against the driver of the other car involved in the automobile accident in which he was injured and that claim was settled for a total of $75,000.00. The employer and Special Fund were allowed to credit the entire settlement between Mr. Kalbhin and the third-party tortfeasor against their liability on the open-ended award pursuant to *Davis v. Buley*, Ky.App., 634 S.W.2d 161 (1982). Therefore, after deducting his legal fees and expenses, a credit of $28,932.27 was deducted from their payment of his award. Thereafter, Mr. Kalbhin's attorney made a motion in the workers' compensation claim for an attorney's fee. The Board awarded a fee of $6,500.00 and ordered the employer to pay one-half, or $3,250.00 and the Special Fund to pay the balance.

The appellants argue that the sum of $6,500.00 exceeds their possible liability in this matter, taking into consideration the credit they are allowed, and therefore, the Board's award of the attorney's fee should be set aside. They arrive at this conclusion by converting the award into a present value lump sum using the present worth values referred to in KRS 342.150, which deals with lump sum compensation. That statute states:

Whenever compensation has been paid for not less than six (6) months, thereafter, on the application of all parties in any case where the board determines that it will be for the best interests of all parties and will not subject the employer or his insurer to an undue risk of overpayment, future payments of compensation or any part thereof may be commuted to a lump sum of an amount which will equal the total sum of the probable future payments so commuted, discounted at four percent (4%) true discount compounded annually on each payment. Upon payment of such lump sum all liability for the payments therein commuted shall cease.

■ It is clear from a reading of this statute that it is applicable to lump sum compensation when application for such has been made by all parties. That is not the case here. This is an open-ended award which is payable so long as Mr. Kalbhin remains disabled. There is no way of calculating its value and it may not properly be done by the lump sum method. An estimate of the worth of the award could only be made by multiplying Mr. Kalbhin's life expectancy times $32.40 per week. We see that based on that calculation the potential value of the award would be well in excess of the $28,937.27 credited to the employer and the Special Fund.

■ We further note that the $6,500.00 attorney's fee would be ultimately deducted from Mr. Kalbhin's award, although the employer and the Special Fund will be required to pay it immediately. *Commonwealth of Ky., Dept. of Hwys. v. Combs*, Ky., 357 S.W.2d 316 (1962). Obviously, after the $28,932.27 credit is used up, an additional credit of $6,500.00 will be applied to the award. Only after that credit has been expended, will the employer and the Special Fund have to begin paying the weekly benefits of $32.40 to Mr. Kalbhin.

■ The appellees argue that the employer and the Special Fund have no right to object to the award of the attorney's fee by the Board. While that is usually the case, as noted in *Commonwealth of Ky., Dept. of Hwys. v. Combs, supra*, such an award is appealable by the employer if he

is truly aggrieved. If the facts were as the employer believed them to be, *i.e.*, that the credit exceeded the award, the employer and the Special Fund would indeed be aggrieved and could appeal. However, if there is no question that an attorney's fee would be covered by the award, and since such fee eventually comes out of the employee's award, the employer and Special Fund would have no standing.

For the reasons set forth herein, the order of the Jefferson Circuit Court is affirmed.

All concur.