PEABODY COAL COMPANY,
Appellant,

v.

Joseph D. GOFORTH; Larry D. Beale,
Director of Special Fund; Thomas
Shewmaker, Administrative Law Judge;
and Workers' Compensation Board, Ap-
pellees.

No. 92–SC–842–WC.

Supreme Court of Kentucky.

April 22, 1993.

Case Ordered Published by
Supreme Court May 20, 1993.

Walter E. Harding, William P. Swain,
Boehl, Stopher, Graves & Deindoerfer,
Louisville, for appellant.

John C. Morton, Sheffer, Hoffman, Tho-
mason, Morton & Lee, Henderson, for ap-
pellee Goforth.

Mark C. Webster, Labor Cabinet—Spe-
cial Fund, Louisville, for appellee Beale.

## OPINION AND ORDER

On December 9, 1985, Joseph Goforth,
the claimant-appellee herein, was awarded
a 50% permanent, partial occupational dis-
ability benefit. The award contained the
usual provision that the employer would be
liable for medical treatment that was rea-
sonably required for the cure and relief
from the effects of the injury. The opinion
and order noted that Dr. Paine, a neurolo-
gist who had testified for the employer,
had diagnosed claimant as "suffering from
depression and a functional overlay."

Subsequent to the award, claimant presented bills for treatment by a psychologist and for mileage expense in obtaining the treatment. On February 19, 1988, the employer refused to pay the expense, asserting that, "[s]ince there is no mention throughout the case of there being any psychological overlays developing from this injury, it is our considered opinion that this is treatment that cannot be paid by us." Thereafter, the claimant obtained an attorney who informed the employer that, pursuant to *Westvaco Corporation v. Fondaw,* Ky., 698 S.W.2d 837 (1985), the employer was required to move to reopen the claim if it elected to contest the expense. Subsequently, the employer indicated to claimant's attorney that it was reconsidering its initial refusal. It did not take any legal action either to contest the medical expenses or to pay them. On June 30, 1988, claimant was evaluated for the employer by Dr. Weitzel, a psychiatrist. Several months later, in response to an inquiry by the claimant's attorney, the employer again refused to pay the bills, asserting that they were not work-related. Finally, on October 31, 1988, the claimant filed the motion to compel payment which resulted in the instant appeal.

After nearly two years, numerous depositions, and a second psychiatric evaluation, on September 25, 1990, the Administrative Law Judge (ALJ) ruled that the employer had failed to comply with both *Westvaco, supra,* and KRS 342.020(1). In *Westvaco, supra* at 859, the Court had specifically directed:

In the future, when an employer seeks to dispute a medical or drug bill submitted by the disabled worker, the procedure to be followed is for the employer to file a motion before the Board to reopen the award for medical expenses under KRS 342.125.

Furthermore, all of the contested bills were incurred after the effective date of amended KRS 342.020(1), which specifically states that:

The employer, or an insurer on behalf of the employer, shall make all payments for services rendered to an employe directly to the provider of such services

within thirty (30) days of receipt of a statement for services.

The ALJ concluded that the employer had not only the burden of filing the motion to reopen but also the burden of offering proof that it should not be required to pay the disputed bills. The ALJ noted that *Phillip Morris, Inc., v. Poynter,* Ky.App., 786 S.W.2d 124 (1990), did not make new law, but clarified *Westvaco, supra,* by expressly stating that an employer's failure to move to reopen the claim in order to challenge medical bills within 30 days of their receipt constituted a waiver of the right to challenge them. However, he did not rely on *Poynter, supra,* as it was decided after the disputed bills were submitted to the employer.

Because the employer had neither paid the bills nor moved to reopen the award within 30 days of their receipt, the ALJ concluded that the employer had waived its right to challenge them. Accordingly, it was unreasonable for the employer to defend against the claimant's motion to compel payment of the bills, a violation of KRS 342.310. Furthermore, the employer's continued resistance was contrary to the intent of KRS 342.020(1) which provides for the prompt payment of medical bills. The ALJ ordered the employer to pay the disputed bills as well as to pay the claimant's costs and attorney's fees. That decision was affirmed by the Workers' Compensation Board (Board) and the Court of Appeals, both of whom believed that the language of *Westvaco, supra,* was sufficiently clear and, together with the letter from claimant's attorney, should have put the employer on notice regarding its obligation to contest a disputed medical expense within the 30–day limit of KRS 342.020(1).

The sole issue raised by the employer in the instant appeal is whether, in view of the fact that *Poynter, supra,* was not rendered until well after the disputed bills were submitted to the employer, the imposition of costs and attorneys fees by the

ALJ was an abuse of discretion. In view of *Westvaco, supra* at 859, and KRS 342.-020(1), the Board, and the Court of Appeals believed that it was not.

As a threshold issue, however, claimant-appellee asserts that the appeal should be dismissed because appellant has failed to join claimant's counsel, an indispensable party where the appeal concerns payment of attorney's fees. *Franklin County Fiscal Court v. Stewart*, Ky.App., 757 S.W.2d 194 (1988); *City of Devondale, Ky. v. Stallings*, Ky., 795 S.W.2d 954 (1990). Appellant responds that a litigant or his attorney who appeals a court-imposed award of sanctions is not required to name the beneficiary of those sanctions as a party. Appellant asserts that, in this case, costs and attorney's fees were not awarded based on a substantive rule of law or for meritorious recovery but were punitive. Appellant does not explain why this should make a difference or offer any authority to support his argument. Appellant also argues that because the worker's attorney is awarded a fee in every successful compensation case, if the Court rules that this worker's attorney was a necessary party to this appeal it would always be necessary to name the attorneys in appeals of compensation cases.

KRS 342.310 authorizes the award of costs and attorney's fees to the opposing party where a claim is brought, prosecuted, or defended "without reasonable ground." This fee shifting provision discourages frivolous claims or defenses by requiring a party who raises a frivolous argument to pay the costs and attorney's fees incurred by the opponent in opposing that argument. Contrary to the employer's argument in this case, under KRS 342.310 the responsibility to pay the opponent's costs and attorney's fees is shifted precisely because the opponent's argument is meritorious; whereas, the argument of the party to whom responsibility for paying the opponent's expenses of litigation is shifted is so lacking in merit that to raise it was unreasonable. In this case, it was the employer's unreasonable conduct in opposing the motion to compel, after having failed to move to reopen within 30 days of receiving the disputed medical bills, which necessitated the claimant's motion to compel and defense of the subsequent appeals.

KRS 342.320 governs the payment of fees to attorneys representing injured workers. The ALJ awards such fees to the attorney pursuant to a motion filed within 30 days following finality of the ALJ's last appealable order. KRS 342.320(2) provides that no fee shall be paid absent the approval of and award by an ALJ. An attorney's fee is specifically authorized only for the successful prosecution of the original claim for income benefits, pursuant to KRS 342.-320(1), or for a reopening in which the worker's award is increased, pursuant to KRS 342.320(6).

■ While funds to pay the attorney's fee are usually disbursed to the attorney by the employer or the Special Fund, the number of weekly payments to the worker is reduced to account for this. Therefore, because the worker actually pays his own attorney's fee, neither the employer nor the Special Fund has standing to question the attorney's fee absent unusual circumstances. *Commonwealth, Dept. of Highways v. Combs*, Ky., 357 S.W.2d 316 (1962); *Louisville & Jefferson Co. Metropolitan Sewer District v. Kalbhin*, Ky.App., 687 S.W.2d 549 (1984).

While KRS 342.320 authorizes a fee to the worker's attorney for successfully prosecuting a claim for income benefits or a reopening, it is silent regarding other instances in which a worker may be required to employ an attorney to protect his interests, for example: for prosecuting a claim for medical expenses where the worker seeks no award of temporary or permanent occupational disability benefits; for prosecuting an action to recover unpaid or disputed medical expenses, such as in the instant case; or for defending the claimant's interest when the employer or Special Fund moves to reopen to challenge such bills or to reduce the award. Furthermore, KRS 342.320(2) states that "any contract for the payment of attorney's fees other-

wise than as provided in this section shall be void." We are aware of no case in which this provision has been interpreted either by· this Court or by the Court of Appeals. There is a question, therefore, of whether KRS 342.320 prevents an attorney from enforcing a contract regarding a fee for representing a worker in any action other than the original claim or a successful motion to reopen and increase benefits. The application of KRS 342.310 in cases where there is a question of whether an attorney's fee is authorized by KRS 342.-320, protects workers by providing for the payment of a worker's costs and attorney's fees by his opponent if, for example, the employer unreasonably defends against an unpaid medical bill or the employer or the Special Fund unreasonably tries to reopen a claim. This makes it more likely that in such an instance, where there is a question of whether the attorney would otherwise be awarded a fee, an attorney will agree to represent him. In the instant case, there is an underlying question of whether, absent the application of KRS 342.310, claimant's attorney would be awarded a fee for representing him.

■ The parties have not raised, and we do not reach the issue of whether KRS 342.320 prohibits the award of an attorney's fee for representing a worker in any but the two enumerated instances. We only recognize that such a question exists. We do believe, however, that, regardless of whether a fee may otherwise be awarded, in those instances where KRS 342.310 has been applied, it is in keeping with the purpose of the provision and of the Workers' Compensation Act to require payment of a reasonable fee to the worker's attorney. We also believe that in a case such as this where an attorney's fee has been awarded pursuant to KRS 342.310 and where there is an additional, underlying issue of whether, absent the application of KRS 342.310, the award of an attorney's fee is authorized, the attorney is a necessary party to

an appeal concerning whether the application of KRS 342.310 was proper.

■ The final issue is whether the employer should be required to pay the claimant's costs and attorney's fees relative to this appeal, pursuant to CR 73.02(4), as requested by the worker. The Court of Appeals declined this remedy, believing that the award by the ALJ pursuant to KRS 342.310 was sufficient. At this level of review, however, where the sole issue raised by appellant is whether the ALJ's award of costs and attorney's fees to the claimant was an abuse of discretion, an issue of fact, and where both the Board and the Court of Appeals affirmed that ruling, the concerns are different. The sole authority to determine issues of fact lies with the ALJ. Unless the evidence compels the opposite result, the ALJ's factual determinations may not be disturbed on appeal. *Special Fund v. Francis*, Ky., 708 S.W.2d 641 (1986).

■ In the instant case, neither the Board nor the Court of Appeals believed that the ALJ's decision to award costs and attorney's fees, pursuant to KRS 342.310 constituted an abuse of discretion. While the employer disagrees with that decision, it has offered no compelling evidence that the decision was grossly unfair or unreasonable. As discussed in *Western Baptist Hospital v. Kelly*, Ky., 827 S.W.2d 685 (1992), which was rendered several months before the instant appeal was filed, the function of review in this Court is not to offer a third review of a factual determination that has twice been reviewed with a consistent result, but to address new or unresolved legal issues and matters of constitutional significance. Where, as here, the decision of the ALJ regarding an issue of fact has been affirmed by both the Board and the Court of Appeals, and that decision is not unreasonable, it will not be reversed on appeal to this Court. In view of this, we regard the instant appeal as being frivolous and so lacking in merit that it should not have been taken. CR 73.02(4).

Accordingly, the appeal herein is dismissed for failure to name the claimant's

attorney, a necessary party to the action, and the case is remanded to the ALJ for the determination of costs and reasonable attorney's fees relative to claimant's motion to compel, pursuant to KRS 342.310, and relative to the appeal to this Court, pursuant to CR 73.02(4).

All concur.

ENTERED: April 22, 1993

/s/   Robert F. Stephens
Chief Justice