# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

**THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, RAP 40(D), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.**

RENDERED:  FEBRUARY 20, 2025
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0039-WC

GENERAL MOTORS                                                                            APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.                             NO. 2023-CA-0722
WORKERS' COMPENSATION BOARD NO. WC-20-97001

THOMAS PAYNE;                                                                           APPELLEES
HONORABLE GRANT S. ROARK,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING IN PART, REVERSING IN PART, AND REMANDING</u>**

This case is before the Court on appeal as a matter of right[1] by General
Motors (GM). GM challenges the Administrative Law Judge's (ALJ) assessment
of a 20% impairment rating based on gait derangement. Secondly, GM
challenges KRS[2] 342.040, the assessment of prejudgment interest on a past
due permanent partial disability award, as unconstitutionally vague. Both the
Workers' Compensation Board and the Court of Appeals affirmed the ALJ's
Opinion and Order. Upon review, we affirm in part, reverse in part, and
remand.

## I.      Facts

We adopt the factual recitation of the Court of Appeals as our own.

Thomas Payne worked as an electrician for GM. On January 13,
2020, Payne fell down GM's stairs. He was diagnosed with bilateral

---

[1] Ky. Const. § 115.

[2] Kentucky Revised Statutes.

quadriceps tendon ruptures. Although Payne underwent surgical repair, he has not worked since the accident. His treating physician prescribed a cane and eventually released him to perform seated work only.

Payne sought workers' compensation benefits. As part of his claim, he was deposed and testified he could not perform the duties of his job post-injury due to the amount of walking, standing, and climbing required. He testified that he could sometimes walk short distances without the use of an assistive device but had difficulty maneuvering certain surfaces and often had to extend his arms in front of himself, "like Frankenstein," due to balance issues. Payne testified that he could not stand for more than one hour. Payne receives Social Security Disability benefits.

Payne underwent an Independent Medical Evaluation (IME) conducted by Dr. Robert Byrd, who found no deficits in Payne's range of motion (ROM). However, he noted that Payne walked with an antalgic gait and used an assistive device. Dr. Byrd assigned a 20% whole person permanent partial impairment rating pursuant to the gait derangement table in the AMA *Guides.* He opined that Payne needed no further medical treatment and that it was unlikely his condition would improve as he had achieved maximum medical improvement.

Subsequently, Payne underwent an IME performed by Dr. Ellen Ballard. Payne walked in and out of Dr. Ballard's office without using his assistive device. He then accidentally left his assistive device in her office and was called back to retrieve it. Payne stated that he had done so at other places but usually remembered his device around the time he got to his car. Dr. Ballard found no deficits in his ROM and declined to use the gait derangement table in the AMA *Guides.* Ultimately, Dr. Ballard filed two reports and assigned a 2% whole person impairment rating for pain in one report, based on her interpretation of the AMA *Guides*, and a 0% impairment rating in the second report.

A final hearing was held at which Payne testified consistently with his prior deposition testimony. On November 21, 2022, the ALJ entered his Opinion, Order, and Award in which he adopted Dr. Byrd's opinions – finding Payne to be permanently partially disabled (PPD) with a 20% impairment rating – and awarded him 6% interest on all past due benefits pursuant to KRS 342.040. GM petitioned the ALJ to reconsider his Opinion, Order, and Award, which was denied. GM then appealed to the Board, which ultimately affirmed the ALJ. This petition for review followed.

2

The Court of Appeals affirmed the Board, noting

> [t]he testimonies of Payne, his treating physician, and Dr. Byrd all support the findings of Dr. Byrd and the ALJ that the 20% impairment rating was appropriate for Payne based upon his use of an assistive device. The fact that substantial evidence, such as the testimony of Dr. Ballard, may also support a contrary conclusion is immaterial.

Moreover, in a footnote, the Court of Appeals also stated

> [t]he only impairment ratings assigned to Payne were from Dr. Byrd and Dr. Ballard. While GM argues on appeal that Dr. Byrd's rating should have been 15% (because that rating only 'requires part-time use of cane or crutch for distance walking but not usually at home or in the workplace') instead of 20% based on the frequency Payne uses his assistive device, a 20% rating is much closer to that level of impairment (15%) than the 2% rating proffered by Dr. Ballard. Accordingly, the ALJ chose the rating that more closely followed GM's interpretation of the AMA *Guides*, although GM has not demonstrated that it is qualified to interpret them.

The principal argument GM advanced before the Court of Appeals (and this Court) is that Dr. Byrd's assessment rating is not in compliance with the AMA *Guides*. To that point the Court of Appeals quoted this Court that

> "to be *grounded* in the *Guides* is not to require a *strict adherence* to the *Guides*, but rather a *general conformity* with them [and an] opinion that is *based upon* the *Guides* is different from one that *strictly adheres to* the *Guides*." *Plumley v. Kroger, Inc.*, 557 S.W.3d 905, 912-13 (Ky. 2018) . . . Therefore, we cannot say the ALJ erred in choosing to rely upon Dr. Byrd's impairment rating, which was based on the AMA *Guides*, even if it did not follow those to the letter.

As to the issue regarding KRS 342.040, the Court of Appeals declined to address it because it concluded no notice was given to the Attorney General,

3

pursuant to KRS 418.075, "at any stage of the proceeding below or on appeal."

We now proceed to the merits.

## II. Analysis

In *Western Baptist Hosp. v. Kelly*, we stated the Worker's Compensation

> statutes enacted by the General Assembly were not intended simply to extend the appellate process by further review of the same material to decide questions regarding reasonable inferences from the evidence. The WCB [Worker's Compensation Board] is suppose [sic] to decide whether the evidence is sufficient to support a particular finding made by the ALJ, or whether such evidence as there was before the ALJ should be viewed as uncontradicted and compelling a different result. These are judgment calls. No purpose is served by second-guessing such judgment calls, let alone third-guessing them.

827 S.W.2d 685, 687 (Ky. 1992). Thus, "[t]he function of further review in our

Court is to address new or novel questions of statutory construction, or to

reconsider precedent when such appears necessary, or to review a question of

constitutional magnitude." *Id.* at 688. We recently reiterated this standard in

*Laboratory Corp of America v. Smith*, 701 S.W.3d 228 (Ky. 2024). As we once

expressed in *Peabody Coal Co. v. Goforth*,

> the function of review in this Court is not to offer a third review of a factual determination that has twice been reviewed with a consistent result, but to address new or unresolved legal issues and matters of constitutional significance. Where, as here, the decision of the ALJ regarding an issue of fact has been affirmed by both the Board and the Court of Appeals, and that decision is not unreasonable, it will not be reversed on appeal to this Court.

857 S.W.2d 167, 170 (Ky. 1993). *Goforth* indeed declared such appeals

tantamount to "being frivolous and so lacking in merit that it should not have

been taken." *Id.*

4

Nothing GM argues before this Court compels a different result than the one in *Goforth* or more recently in *Laboratory Corp of America.* In all three instances, the appeal "fails to reach beyond the threshold for routine affirmance." *Western Baptist*, 827 S.W.2d at 688. GM has framed the issue as whether Dr. Byrd's 20% impairment rating complied with the AMA *Guides* and by so doing, insists the AMA *Guides* are tantamount to a statute—the implication being that compliance with the AMA *Guides* is a question of law. We have rejected that approach. "[T]he proper interpretation of the *Guides* and the proper assessment of an impairment rating are medical questions." *Plumley*, 557 S.W.3d at 912 (quoting *Kentucky River Enterprises, Inc. v. Elkins*, 107 S.W.3d 206, 210 (Ky. 2003)). Therefore, when there is a dispute between physicians as to whether one or the other properly complied with the AMA *Guides*, that dispute is a question for the ALJ to resolve and his determination will control so long as the physician's assessment is grounded in the AMA *Guides* by generally conforming to them. *Id.*

But in fact, Dr. Ballard's reports never critiqued Dr. Byrd's assessment as not in compliance with the AMA *Guides*, thus explaining the Court of Appeals' observation that GM has not demonstrated why it is qualified to interpret them. Although lack of compliance with the AMA *Guides* does not require medical testimony to demonstrate in some cases, that is not the scenario presented here where Dr. Byrd explained his assessment was based on Payne's antalgic gait and use of a cane. *Cf. Watkins v. Kobe Aluminum USA, Inc.*, No. 2013-SC-000334-WC, 2014 WL 4160212 (Ky. Aug. 21, 2014) (holding

5

ALJ's assessment of 20% impairment for gait derangement was not in compliance with AMA *Guides* where there was no evidence that claimant required assistive device); *Cent. Baptist Hosp. v. Hayes*, No. 2012-SC-000752-WC, 2013 WL 4623489, at *2 (Ky. Aug. 29, 2013) (holding 10% impairment rating based on improper combination of impairment rating for gait derangement with impairment rating for arthritis did not comply with AMA *Guides*, and the improper combination of the ratings did not require "medical analysis or expertise" to determine.). But even if Dr. Ballard had critiqued Dr. Byrd's opinion as non-compliant, that would merely be one medical opinion in a dispute regarding a medical question—does Payne's use of a cane as such qualify as routine to merit a 20% impairment rating? The ALJ would still be entitled to resolve the dispute in favor of Dr. Byrd's assessment, and it would still be affirmed on appeal as supported by substantial evidence.

Thus, GM's argument is so much "sound and fury, signifying nothing." Shakespeare, *Macbeth*, Act. V, Sc. V, Lns. 30-31. We must yet again declare that an ALJ "may reject any testimony and believe or disbelieve" whomever he or she so chooses. *Magic Coal Co. v. Fox*, 19 S.W.3d 88, 96 (Ky. 2000). GM is not the first employer to believe that a successful claimant should not have been successful, nor will it be the last. But hope springs eternal that someday soon the Worker's Compensation bar will take seriously what we said in *Western Baptist* and in *Goforth* and reiterated once more in *Laboratory Corp.* Worker's compensation appeals seeking review of factual determinations are unwelcome in this Court; they find no shelter here. When they come before us,

6

unbidden and ill-begot, none should be surprised to meet with a cold reception. The Court of Appeals is affirmed.

As to the constitutionality of KRS 342.040, we conclude the Court of Appeals erred in holding the Attorney General had not properly been served. Rules of Appellate Procedure (RAP) 5(A) requires compliance with Kentucky Rules of Civil Procedure (CR) 5.01 and 5.02. CR 5.02(2) permits electronic service by electronic mail, and CR 5.03 only requires that "[p]roof of electronic service must state the electronic notification address of the person served and that the document was served electronically." For constitutional challenges, our law requires,

> [i]n any appeal to the Kentucky Court of Appeals or Supreme Court or the federal appellate courts in any forum which involves the constitutional validity of a statute, the Attorney General shall, before the filing of the appellant's brief, be served with a copy of the pleading, paper, or other documents which initiate the appeal in the appellate forum. This notice shall specify the challenged statute and the nature of the alleged constitutional defect.

KRS 418.075(2). The Attorney General has provided the means to accept service of process in all cases electronically by emailing the address ServetheCommonwealth@ky.gov, during normal business hours on normal business days. The Certificate of Service on GM's Petition of Review to the Court of Appeals states, "a copy was electronically served upon the Attorney General pursuant to CR 24.03 and KRS 418.075 at servethecommonwealth@ky.gov (the email address at which the Attorney General has universally elected to receive service) prior to filing same with the Court of Appeals." The Certificate of Service reflects an e-filing date of June 19,

7

2023. An attachment of GM in the record before this Court demonstrates the correct email address of the Attorney General to receive service was emailed concerning "Service of notice of constitutional challenge to KRS 342.040" on June 19, 2023. Mrs. Selina Brown, a paralegal employed by the Attorney General's office, replied on June 20, 2023, confirming acceptance of service as of that date.

In stating that GM had not demonstrated it preserved its constitutional challenge below, the Court of Appeals effectively held that the constitutional challenge to KRS 342.040 had to have been presented to the ALJ, or the WCB, or both. That ignores, however, published precedent that constitutional challenges in worker's compensation cases do not need to be presented to the ALJ or WCB because neither of those entities are empowered to decide questions of constitutional magnitude. *Scott v. AEP Kentucky Coals, LLC*, 196 S.W.3d 24, 26 (Ky. App. 2006); *Austin Powder Company v. Stacy*, 495 S.W.3d 732 (Ky. App. 2016).

In stating that the record did not show GM had complied with the notice requirements of KRS 418.075 on appeal, we are somewhat at a loss for the reason why the Court of Appeals reached that conclusion; it merely cited the statute. We reverse for two reasons. First, the Certificate of Service on GM's Petition of Review unambiguously states service was made electronically upon the Attorney General in accordance with the method the Attorney General has created to receive electronic service and other applicable law. Second, the acknowledgment by the Attorney General's office the next day after receiving

8

service via e-mail that the notice had been received and accepted. This acknowledgement was put before the Court of Appeals on GM's Petition for Rehearing, yet the Court of Appeals failed to explain why it continued to believe notice had not been properly given to the Attorney General in its denial of that petition. Therefore, we reverse the Court of Appeals and remand this case to that court to consider GM's constitutional challenge.

Although both parties have briefed the constitutional question before this Court, it appears from the record that the Attorney General never entered an appearance as a party before the Court of Appeals. GM's Notice of Appeal to this Court did not include the Attorney General's office as a party nor does its Certificate of Service on that document list the Attorney General's office. Instead, GM served a copy of its brief to the Attorney General, also via email as described above. The plain language of KRS 418.075(2) requires that the Attorney General be served "*before the filing of the appellant's brief . . .* with a copy of the pleading, paper, or other documents which *initiate the appeal* in the appellate forum." (emphasis added). In this case, the document initiating the appeal in this Court is the Notice of Appeal, and there is no indication on that document the Attorney General was served with it, nor does it disclose the basis for the constitutional challenge. *Shaw v. Handy*, 588 S.W.3d 459, 462 (Ky. App. 2019) ("Merely notifying the Attorney General in the certificate of service of Shaw's brief is insufficient" under KRS 418.075(2)); *Preston v. Johnson Cnty. Fiscal Court*, 27 S.W.3d 790, 796-97 (Ky. 2000) (Keller, J., concurring) (opining that KRS 418.075(2) requires the Attorney General be

served either the notice of appeal or motion for discretionary review on appeals to this Court). Thus, we decline to address the constitutional question and instead remand for consideration by the Court of Appeals.

### III.    Conclusion

Upon review, we perceive no error of law in the Court of Appeals' opinion affirming the assessment of 20% impairment. As to the constitutional challenge to KRS 342.040, we conclude GM complied with KRS 418.075(2) at the Court of Appeals but not before this Court and, therefore, remand to that court for consideration of the question presented.

All sitting. All concur.


COUNSEL FOR APPELLANT:

James Burke Cooper
Boehl Stopher & Graves, LLP

COUNSEL FOR APPELLEE:

W. Cravens Priest III
English, Lucas, Priest & Owsley, LLP

ADMINISTRATIVE LAW JUDGE:
Hon. Grant S. Roark

WORKERS' COMPENSATION BOARD:
Michael Wayne Alvey,
Chairman