RENDERED:  MAY 2, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1030-WC

KELLY PORTER                                                                          APPELLANT


                              PETITION FOR REVIEW OF A DECISION
v.                         OF THE WORKERS' COMPENSATION BOARD
                                    ACTION NO. WC-17-85945


AXELON, INC.; JOHN JACQUEMIN;
HONORABLE JONATHAN
WEATHERBY, ADMINISTRATIVE
LAW JUDGE; AND WORKERS'
COMPENSATION BOARD                                                          APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; KAREM AND TAYLOR, JUDGES.

THOMPSON, CHIEF JUDGE:  Kelly Porter (Appellant) appeals from an opinion

and order of the Workers' Compensation Board (the Board) dismissing an appeal

from a January 22, 2024 order of the Administrative Law Judge (ALJ) Hon.

Jonathan R. Weatherby.  The ALJ granted the motion of Appellant's attorney,

Hon. Alex Berger, for attorney fees. After careful review, we find no error and affirm the opinion and order of the Board.

## FACTS AND PROCEDURAL HISTORY

On April 21, 2021, the ALJ determined that Appellant sustained a work-related back injury on March 27, 2017, while in the employment of Axelon, Inc. (Appellee). It awarded Appellant total temporary disability benefits, permanent partial disability benefits, and medical benefits. The ALJ rendered amended opinions and awards on May 13, 2021, and June 2, 2021. On appeal, the Board affirmed in part the second amended opinion and award, and remanded the matter to the ALJ for consideration of the two-multiplier. Neither party appealed from the decision of the Board and the matter was returned to the ALJ for recalculation of post-injury wages.

On remand, the ALJ entered an opinion and award on January 6, 2022, concluding that Appellant was entitled to application of the two-multiplier. Both parties petitioned for reconsideration. On February 18, 2022, the ALJ issued additional findings of fact to support its conclusion that Appellant was entitled to the application of the two-multiplier. Appellee appealed to the Board.

On appeal, the Board vacated the ALJ's determination concerning the application of the two-multiplier and remanded with directions to recalculate Appellant's post-injury wages. Neither party sought further review. On remand,

the ALJ entered an opinion and award on August 16, 2022, recalculating Appellant's post-injury wages under Kentucky Revised Statutes (KRS) 342.140(1)(d). The ALJ further concluded the two-multiplier did not apply because Appellant did not return to work at the same or greater wages as the pre-injury amount. Neither party filed a petition for reconsideration. On September 15, 2022, Appellant's counsel filed a motion to approve his attorney's fee pursuant to KRS 342.320.

Appellant did not timely appeal. On September 16, 2022, Appellant, *pro se*, mailed a request for an extension of time to file an appeal to the Board, which was received on September 19, 2022. Appellee filed a response in opposition to the motion. The Board subsequently entered an opinion and order dismissing Appellant's appeal as untimely. Appellant appealed to a panel of this Court, then to the Kentucky Supreme Court, each of which affirmed.

After finality of that appeal, the Board remanded the matter to the ALJ for consideration of Berger's amended attorney fees motion. The ALJ granted the motion by way of order rendered on January 22, 2024. Appellant objected to the award of attorney fees by way of a motion filed on January 26, 2024. That motion was treated by the Chief ALJ (CALJ) as a petition for reconsideration. The petition was overruled on February 8, 2024. Appellant filed another petition for reconsideration, which again was overruled.

-3-

On February 22, 2024, Appellant, still proceeding *pro se*, appealed the January 22, 2024 award of attorney fees to the Board. The appeal was held in abeyance pending Appellant's petition for writ of certiorari to the United States Supreme Court.

Thereafter, the Board rendered an order directing Appellant to show cause as to why the appeal should not be dismissed for failure to name an indispensable party, *i.e.*, attorney Berger. Appellant responded on July 18, 2024. On July 26, 2024, the Board rendered an opinion and order dismissing the appeal based on Appellant's failure to name Berger. This appeal followed.

## ARGUMENT AND ANALYSIS

Appellant argues that the Board erred in dismissing his appeal of the ALJ's award of attorney fees.[1] The focus of his argument is that the ALJ improperly awarded attorney fees while Appellant's action before the United States Supreme Court had reached finality. He asserts that Berger wrongfully abandoned him by withdrawing from representation; that the ALJ erred in denying

---

[1] Appellant's Petition for Review, which he styled as a "Notice of Appeal," does not conform to Kentucky Rules of Appellate Procedure (RAP) 49 addressing appeals from decisions of the Board. In the interest of judicial economy, we will ignore the deficiency and proceed with the review. *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010).

Appellant's motion for reconsideration on this issue; and, that the Board erred in failing to so rule.[2]

In workers' compensation proceedings, the ALJ may award attorney fees. KRS 342.320(1). "In approving an allowance of attorney's fees, the administrative law judge shall consider the extent, complexity, and quality of services rendered[.]" KRS 342.320(3). "No attorney's fee in any case involving benefits under this chapter shall be paid until the fee is approved by the administrative law judge[.]" KRS 342.320(4).

It is well-established that where attorney fees are awarded in a workers' compensation proceeding, and an issue arises on appeal as to the propriety of the award, the attorney is a necessary party to the appeal. *Peabody Coal Co. v. Goforth*, 857 S.W.2d 167, 170 (Ky. 1993). Further, 803 KAR[3] 25:010 § 22(2)(c)2. requires that, on appeal to the Board, an appellant shall "[d]enote all parties against whom the appeal is taken as respondents[.]" The failure to name an indispensable party is considered a jurisdictional defect requiring dismissal. Kentucky Rules of Civil Procedure (CR) 19.02.

---

[2] Appellee Axelon, Inc. has filed a responsive brief, but takes no position on the issue raised in Appellant's Notice of Appeal.

[3] Kentucky Administrative Regulations.

## CONCLUSION

The Board dismissed Appellant's appeal from the ALJ's award of attorney fees because Appellant failed to name Berger as a party to the appeal. Berger, as attorney of record who moved for an award of attorney fees for his representation of Appellant, was an indispensable party to that appeal. Per the relevant provisions of the KRS, the KAR, and *Peabody Coal Co.*, *supra*, the Board properly dismissed the appeal. We find no error. For these reasons, we affirm the July 26, 2024 order of the Workers' Compensation Board dismissing Appellant's appeal.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE AXELON, INC.: |
|---|---|
| Kelly Porter, *pro se* Covington, Kentucky | Kristin M. Downs Lexington, Kentucky |