# IMPORTANT NOTICE

## "NOT TO BE PUBLISHED OPINION"

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED" PURSUANT TO RULE OF APPELLATE PROCEDURE (RAP) 40(D). THIS OPINION SHALL NOT BE CITED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE.

UNDER RAP 41, UNPUBLISHED OPINIONS OF KENTUCKY APPELLATE COURTS RENDERED AFTER JANUARY 1, 2003, THAT ARE FINAL UNDER RAP 40(G), MAY BE CITED BY A PARTY FOR CONSIDERATION BY A COURT IF THERE IS NO PUBLISHED OPINION THAT ADEQUATELY ADDRESSES THE POINT OF LAW BEING ARGUED BY A PARTY.

IF AN UNPUBLISHED OPINION IS CITED FOR CONSIDERATION BY A COURT THE OPINION SHALL BE SET OUT AS AN UNPUBLISHED OPINION IN THE DOCUMENT IN WHICH THE UNPUBLISHED OPINION IS CITED.

RENDERED: APRIL 23, 2026
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2025-SC-0233-WC

KELLY PORTER                                                              APPELLANT

V.

ON APPEAL FROM COURT OF APPEALS
NO. 2024-CA-1030
WORKERS' COMPENSATION NO. WC-17-85945

AXELON, INC.; JOHN JACQUEMIN;                                APPELLEES
HONORABLE JONATHAN
WEATHERBY, ADMINISTRATIVE LAW
JUDGE; AND WORKERS'
COMPENSATION BOARD

**MEMORANDUM OPINION OF THE COURT**

**<u>REVERSING</u>**

Kelly Porter appeals from a decision of the Court of Appeals affirming the Workers' Compensation Board's ("the Board") dismissal of his appeal for failure to name an indispensable party. We hold the Court of Appeals was correct in holding that an attorney whose fee awarded under KRS[1] 342.320 is contested by the employee is a necessary party to an appeal of that fee. However, we reverse the Court of Appeals' determination that Porter's appeal was required to be dismissed as a fatal jurisdictional defect. Accordingly, we reverse and remand to the Board for further proceedings.

---

[1] Kentucky Revised Statutes.

## PROCEDURAL AND FACTUAL BACKGROUND

Porter sought payment for a work-related injury suffered in 2017 while he was in the employ of Axelon, Inc. On April 21, 2021, the Administrative Law Judge ("ALJ") awarded Porter total temporary disability benefits, permanent partial disability benefits, and medical benefits. The parties appealed the entry of a second amended opinion and award to the Board, which affirmed in part and remanded to the ALJ for consideration of the two-multiplier.

On remand, the ALJ entered an opinion and award on January 6, 2022, concluding Porter was entitled to the two-multiplier. One month later, the ALJ issued additional findings of fact to support this conclusion. Porter appealed to the Board, which vacated the ALJ's determination and remanded with directions to recalculate Porter's post-injury wages.

Upon returning to the ALJ on remand, the ALJ recalculated Porter's post-injury wages and concluded the two-multiplier did not apply to Porter because he did not return to work at the same or greater wages as the pre-injury amount. The ALJ entered the opinion and award on August 16, 2022.

On September 15, 2022, exactly 30 days after entry of the opinion and award, Porter's counsel, Alex Berger, tendered a motion for attorney's fees. Berger's retainer contract with Porter stipulated that, pursuant to KRS 342.320, Berger was to be paid a lump sum from the proceeds of Porter's award, with the amount deducted from Porter's weekly benefits in equal installments.

Porter did not timely appeal the August 16 opinion and award. Porter sought an extension of time to file an appeal, which was denied by the Board, and Porter's appeal was subsequently dismissed as untimely. Porter appealed to the Court of Appeals and to this Court, both of which affirmed the Board. *Porter v. Axelon, Inc.*, No. 2023-SC-0232-WC, 2023 WL 8639386 (Ky. Dec. 14, 2023).

After the finality of that appeal, the Board remanded the matter to the ALJ for consideration of attorney fees. The ALJ granted the motion on January 22, 2024, and Porter objected to the award by motion tendered two days later. The Chief ALJ treated Porter's motion as a petition for reconsideration, which was subsequently overruled on February 8. Porter filed another petition for reconsideration, which was again denied.

Porter appealed the award of attorney fees on February 22. That appeal was held in abeyance until resolution of Porter's writ of certiorari to the United States Supreme Court. Certiorari was denied on May 13.

Following the denial, the Board entered an order directing Porter to show cause as to why the appeal should not be dismissed for failure to name an indispensable party: attorney Berger. Porter responded, but the Board ultimately dismissed the appeal for the defect.

Porter appealed to the Court of Appeals. Proceeding *pro se*, he failed to follow the guidelines of RAP[2] 49 and submitted a notice of appeal rather than a

---

[2] Kentucky Rules of Appellate Procedure.

petition for review to the court. The notice of appeal contained a rough outline of Porter's issues and arguments but failed to comply with RAP 31. The Court of Appeals elected to overlook the problems with Porter's submission and proceeded to review his appeal on the merits. The court affirmed the Board, finding that in an appeal of attorney fees in the workers' compensation setting, the attorney is a necessary party following *Peabody Coal Co. v. Goforth*, 857 S.W.2d 167, 170 (Ky. 1993). Because appeals to the Board required Porter to "[d]enote all parties against whom the appeal is taken as respondents," 803 KAR[3] 25:010 § 22(2)(c)2, the Board properly dismissed the appeal for failure to name Berger as a party. Porter appealed the holding to this Court.

## ANALYSIS

I.   We can discern no error from the Court of Appeals' treatment of Porter's "Notice of Appeal."

As an initial matter, we address Porter's concern that he was disadvantaged by the Court of Appeals treating his Notice of Appeal as a Petition for Review. As Porter points out, what he filed with the appellate court was sparse, just a framework for his grounds for appeal. The Court of Appeals took what was filed and treated it as Porter's petition for rehearing. Although Porter feels this meant the Court of Appeals was unable to appreciate the full-force of his arguments, we can discern no error from the lower court's

---

[3] Kentucky Administrative Regulations.

4

treatment of the matter and ultimately whatever problems arose stemmed from Porter's failure to follow our Rules of Appellate Procedure.

Decisions of the Workers' Compensation Board ("the Board") are subject to review by the Court of Appeals with procedures set forth in RAP 49. Pursuant to RAP 49, litigants follow an appellate procedure that differs somewhat from the normal progression of an appeal, most notably, insofar as this matter is concerned, in the method by which an appeal is initiated. A typical appeal from a judgment of the lower court involves the filing of a Notice of Appeal under RAP 2. Notices of Appeal are not vehicles for substantive discussion of any issue; rather, they exist primarily to provide notice to involved parties of the taking of the appeal and of its source (judgment, order, *et cetera*). RAP 2(B). By contrast, appeals from decisions of the Board are initiated by the filing of a Petition for Review. Unlike a Notice of Appeal, Petitions do more than just provide notice; they also must contain "a clear and concise statement of (a) the material facts, (b) the questions of law involved, and (c) the specific reason(s) why relief from the Board's decision should be granted by the Court of Appeals." RAP 49(D)(3). Petitioners are explicitly told to prepare the Petition "with the expectation that it will be the only document filed by the petitioner in the appeal." *Id.*

Porter failed to follow the instructions provided by RAP 49. Porter's petition did not contain a table of points and authorities, nor did it contain the

clear and concise statements noted above.[4]  While courts do typically afford *pro se* litigants an amount of grace with respect to procedure, such parties are nevertheless expected to follow our Rules and may be sanctioned for their failure to do so.  *See, e.g., Koester v. Koester*, 569 S.W.3d 412, 415 (Ky. App. 2019) ("In sum, while Matthew is a *pro se* litigant, that does not exempt him from the rules.").  Considering Porter's failure to follow RAP 49, the Court of Appeals could have sanctioned Porter and dismissed the appeal, but it elected not to do so in order to provide Porter and the other parties to this case finality.  Given the relative simplicity of the instant appeal, the lower court was correct to do so, and we will not return this matter to the Court of Appeals when it has now been fully briefed and is before us.

II.   Attorney Berger is an indispensable party.

We next address the core of this appeal, the question of whether Porter was required to name attorney Berger as a party on appeal.  The Court of Appeals, citing *Peabody Coal Co.*, held that Berger was a necessary party and was so required.  Porter contends the Court of Appeals erred by applying the analysis pertinent to KRS 342.310 rather than KRS 342.320 under which attorney's fees were awarded in his case.  While we agree with Porter that the relevant holding of *Peabody Coal Co.* does not explicitly apply to fees awarded under KRS 342.320, we nevertheless hold today that the reasoning of *Peabody*

---

[4] Curiously, the first bullet point of Porter's petition quotes verbatim RAP 49(A), suggesting that Porter was aware of the rule or of its substantially similar predecessor, Kentucky Rule of Civil Procedure (CR) 76.25.

6

*Coal* and our broader jurisprudence on when an attorney must be named as a party to an appeal mandates the inclusion of attorney Berger as a party to Porter's appeal.

In *Peabody Coal*, the employer refused to pay medical bills related to a prior workers' compensation award but failed to file the required motion to reopen the award to formally contest the expenses. The ALJ ruled that by failing to follow the proper procedure, the employer had waived its right to challenge the bills, making its continued refusal to pay legally baseless. Consequently, the ALJ invoked KRS 342.310[5] to sanction the employer, holding that because the defense was maintained without reasonable grounds, Peabody Coal was required to pay the costs of the proceedings, including the claimant's attorney fees.

On appeal to this court, Goforth asserted the appeal should be dismissed because Peabody Coal failed to join Goforth's counsel as an indispensable party where the appeal concerns payment of attorney's fees. We observed that Peabody Coal presented a novel scenario regarding KRS 342.320 because the fees awarded were for work not explicitly enumerated in the statute, thus it was unclear to us whether the attorney would have been entitled to a fee absent the application of KRS 342.310. *Peabody Coal Co.*, 857 S.W.2d at 169-70. We did not resolve this question, however, because it was not raised and held,

---

[5] KRS 342.310 permits an award of costs and fees where "proceedings have been brought, prosecuted, or defended without reasonable ground[.]"

7

that in a case such as this where an attorney's fee has been awarded pursuant to KRS 342.310 and where there is an additional, underlying issue of whether, absent the application of KRS 342.310, the award of an attorney's fee is authorized, the attorney is a necessary party to an appeal concerning whether the application of KRS 342.310 was proper.

*Id.* at 170. Thus, we explicitly limited our holding to the particular scenario presented in that case.

Although *Peabody Coal* does not directly resolve the question posed by Porter, it points us in the correct direction. As a general principle, "[a]bsent an award of fees to an attorney by judgment in his or her favor (thus allowing the attorney enforcement of the award by execution), there is no reason for requiring the attorney to be named on appeal as a necessary party." *Knott v. Crown Colony Farm, Inc.*, 865 S.W.2d 326, 331 (Ky. 1993). Accordingly, where a fee award has been made directly to an attorney, that award is considered to have made him a party to the litigation. *Id.* Conversely, where the award of fees was made to the party rather than his attorney, the attorney is not considered a necessary party to an appeal contesting the award. *Id.* Although *Peabody Coal* was rendered six months prior to *Knott*, it presaged the later holding by requiring the inclusion of the attorney as a party on appeal where the application of KRS 342.310 awarded a fee directly to the attorney. Accordingly, *Peabody Coal* can be said to simply stand for the proposition that we do not apply a different standard in workers' compensation actions.

Applying the reasoning of *Knott* to Porter's case leads us to the conclusion that attorney Berger was a necessary party on appeal. KRS

8

342.320 directs the fee to the attorney to be paid directly from the employee. There is no mediating entity; nothing that would render the attorney an incidental beneficiary of the fee award. If the touchstone for whether the attorney must be included on appeal is whether he received a fee directly from a party by virtue of a judgment or order, then there is no doubt that attorney Berger needed to be made a party here.

This holding means that in nearly every instance where the award of attorney's fees is challenged in a workers' compensation action, the attorney to whom those fees were awarded must be included as an indispensable party. This result not only flows naturally from our jurisprudence, but it also makes practical sense. Where the fees are being challenged, the attorney is the individual with the most skin in the game, and the one most likely to litigate the issue to its fullest extent. While the need to include the attorney in the *Peabody Coal*/KRS 342.310 scenario is lessened because the claimant will share in the attorney's desire to have the opposing party pay his fee, the situation presented by Porter illustrates precisely why the attorney must be included when KRS 342.320 fees are challenged. Only the claimant has standing to question the award of the attorney's fee "absent unusual circumstances." *Peabody Coal Co.*, 857 S.W.2d at 169 (citing *Commonwealth, Dep't of Highways v. Combs*, 357 S.W.2d 316 (Ky. 1962); *Louisville & Jefferson Cnty. Metro. Sewer Dist. v. Kalbhin*, 687 S.W.2d 549 (Ky. App. 1984)). Axelon's briefing acknowledges this limitation, and it takes no position on whether Berger needed to be named. Thus, if we accept Porter's argument, when an

9

attorney's fee is awarded under KRS 342.320 and then challenged by the claimant, the fee issue will be uncontested on appeal, thereby stripping the attorney of his ability to assert his interest in the fee. This, to us, seems an ill-advised manner to resolve the question, and one not in line with our caselaw.

Accordingly, we hold that because KRS 342.320 awards the fee directly to the attorney, any appeal contesting that award must include the attorney as an indispensable party. The result is the expected continuation of our holding in *Knott* and closes the gap left by our opinion in *Peabody Coal*.

III.    The Board erred in dismissing Porter's appeal for failure to join Berger.

Although we have determined that Berger was an indispensable party to this appeal, that does not mean that dismissal was automatic. While our case law and the previous iteration of our appellate rules have mandated strict compliance with the naming of parties, our recent decision in *Mahl v. Mahl*, 671 S.W.3d 140, 152 (Ky. 2023) altered that necessity.

Prior to *Mahl*, we considered the failure to name an indispensable party as a jurisdictional defect that could not be remedied. In *City of Devondale v. Stallings*, 795 S.W.2d 954, 957 (Ky. 1990), we equated the failure to name all necessary parties with a failure to timely file a notice of appeal, reasoning that,

> A notice of appeal, when filed, transfers jurisdiction of the case from the circuit court to the appellate court. It places the named parties in the jurisdiction of the appellate court. In the case at bar, the notice of appeal omitted two indispensable parties to the lawsuit. Therefore, the notice of appeal transferred jurisdiction to the Court of Appeals of only the named parties.

10

*Id.* (citations omitted). We held that a "substantial compliance policy cannot be applied to retroactively create jurisdiction" as "[p]otential parties to an appeal have the right to know within the time specified in the rule that they are parties." *Id.* And so, appeals were necessarily dismissed for failure to join an indispensable party when the appellant failed to include those parties in his notice of appeal after the window for filing had closed.

After *Stallings*, two things occurred that led to a relaxing of our strict compliance requirement. First, this Court undertook a wholesale reworking of the appellate rules, removing them from the Kentucky Rules of Civil Procedure, creating the Rules of Appellate Procedure, and tweaking the language of many of the provisions to reflect a more accommodating view of appellate procedure. Second, we issued our opinion in *Mahl*. There, we addressed whether the failure to name an attorney awarded fees required dismissal of an appeal and determined that based upon a recent trend of leniency in our case law and the changes to the rules, the failure to name a necessary party was no longer a defect that mandated dismissal. *Mahl*, 671 S.W.3d at 149-51. Rather, it is a non-fatal problem to be rectified through corrective actions ordered by the appellate court. *Id.* at 151; RAP 10(B).

In this case, the Board engaged in the *de rigueur* dismissal of Porter's appeal under *Stallings*. While that would have been the correct action under *Stallings*, it is no longer required; rather, it is but one of several corrective actions open to the Board. While we acknowledge that the procedures that apply to review of ALJ decisions are not the same as those contained in the

11

RAP,[6] the gravamen of *Mahl* and the cases it drew from applies beyond the strict confines of our broader appellate rules.[7]  Indeed, implicit in the holding of *Mahl* is a repudiation of *Stallings*' conclusion that the failure to name an indispensable party is a deficiency in timing, which, under either the old rules or the RAP, mandates dismissal.  In short, in a post-*Mahl* world, timing takes on its obvious meaning and applies strictly to the date of filing, not to any of the contents.  Within this framework, the fact the procedures to appeal to the Board hew more closely to the old rules of appellate procedure is inconsequential; 803 KAR 25:010 § 22(2)(e)'s mandate that "failure to file the notice within the time allowed shall require dismissal of the appeal" applies only to instances where the notice of appeal itself is filed to the Board outside of the 30-day window.

Accordingly, when the Board dismissed Porter's appeal by reference to *Stallings*, it did so under the misapprehension that dismissal was mandated.  Because dismissal was not required, the Board did so in error.  However, this does not mean Porter's appeal is without fault, and upon remand to the Board, it is entitled to apply any of the sanctions enumerated in 803 KAR 25:010 § 22(12).

---

[6] 803 KAR 25:010 § 22(1)(a) provides, "decisions of administrative law judges shall be subject to review by the Workers' Compensation Board in accordance with the procedures set out in this administrative regulation."

[7] It is worth noting that one of the two cases cited in *Mahl* as evincing a relaxation of strict compliance arose in the workers' compensation context.  *Cates v. Kroger*, 627 S.W.3d 864, 874-75 (Ky. 2021).

## CONCLUSION

For the foregoing reasons, the opinion of the Court of Appeals is reversed and this matter is remanded to the Workers' Compensation Board for proceedings consistent with this opinion.

All sitting. Lambert, C.J.; Bisig, Conley, Goodwine, Keller, and Nickell, JJ., concur. Thompson, J., concurs in result only.

COUNSEL FOR APPELLANT, KELLY PORTER:

Kelly Porter
*Pro se*

COUNSEL FOR APPELLEE, AXELON, INC.:

Kristin M. Downs
U'Sellis Mayer & Associates

COUNSEL FOR APPELLEE, JOHN JACQUEMIN:

John Jacquemin
*Pro se*

ADMINISTRATIVE LAW JUDGE

Hon. Jonathan Weatherby

WORKERS' COMPENSATION BOARD

Michael Wayne Alvey
Chairman